1  E. JEFFREY GRUBE (SB# 167324)  jeffgrube@paulhastings.com
   KERRI N. HARPER (SB# 217377)  kerriharper@paulhastings.com
2  ANNA L. CHU (SB# 243378) annachu@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  55 Second Street
   Twenty-Fourth Floor
4  San Francisco, CA 94105-3441
   Telephone: (415) 856-7000
5  Facsimile: (415) 856-7100

6  Attorneys for Defendants
   UNITED PARCEL SERVICE, INC.,
7  TONY AGENJO, and KIMBERLY MUNIZ

E-filing

ORIGINAL FILED
APR - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11  MARK HARRIS,                          CV 08 1810 JSW Case No.

12                 Plaintiff,             [Alameda County Superior Court Case No.
                                          RG07353967]
13       vs.
                                          NOTICE OF REMOVAL TO FEDERAL
14  UNITED PARCEL SERVICE, INC., an       COURT BY DEFENDANTS UNITED
    Ohio Corporation; Tony Agenjo; Kimberly   PARCEL SERVICE, INC., TONY
15  Muniz; and DOES ONE through ONE       AGENJO, AND KIMBERLY MUNIZ
    HUNDRED, inclusive,
16
17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

1　TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2　NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MARK HARRIS AND HIS

3　ATTORNEYS OF RECORD, STEVEN J. MEHLMAN, MARC L. TERBEEK, AND

4　MEHLMAN & TERBEEK LLP:

5　　　　　　　PLEASE TAKE NOTICE THAT Defendants UNITED PARCEL SERVICE, INC.

6　("UPS"), TONY AGENJO, and KIMBERLY MUNIZ (collectively "Defendants") hereby remove

7　this action from the Superior Court of the State of California for the County of Alameda to the

8　United States District Court for the Northern District of California.  This removal is based on

9　federal question jurisdiction and diversity of citizenship, pursuant to 28 U.S.C. §§ 1331, 1332,

10　1367, and 1441(a) and (b), for the reasons stated below:

11　**A.　　BACKGROUND AND PROCEDURAL HISTORY**

12　　　　　1.　　　On October 30, 2007, Plaintiff Mark Harris ("Plaintiff") filed an unverified

13　Complaint in the Superior Court of the State of California for the County of Alameda entitled:

14　"*Mark Harris v. United Parcel Service, Inc., et al.*," designated as Case No. RG07353967.  The

15　Complaint alleged the following seven causes of action against Defendants:  (1)

16　negligence/negligent infliction of emotional distress; (2) retaliation in violation of the Fair

17　Employment and Housing Act ("FEHA"); (3) discrimination in violation of the FEHA; (4)

18　discrimination in violation of the Unruh Act; (5) wrongful termination in violation of public

19　policy; (6) intentional infliction of emotional distress ("IIED"); and (7) unfair business practices.

20　(Harper Decl. ¶ 2, Exhibit A.)

21　　　　　2.　　　On December 18, 2007, Plaintiff, through his counsel, caused a copy of the

22　Summons and Complaint to be served on UPS.  (Harper Decl. ¶ 2.)

23　　　　　3.　　　UPS filed and served its Answer to the Complaint on January 15, 2008.  (Harper

24　Decl. ¶ 3, Exhibit B.)

25　　　　　4.　　　On January 16, 2008, UPS timely removed the Complaint to this Court based on

26　diversity jurisdiction.  (Harper Decl. ¶ 4, Exhibit D.)  Although Plaintiff, Muniz, and Agenjo are

27　not diverse, UPS argued that Muniz and Agenjo were sham defendants who did not affect the

28　Court's diversity jurisdiction over this case.

1    5.    On February 6, 2008, Plaintiff served the Complaint on Muniz and Agenjo.

2  (Harper Decl. ¶ 6.)

3    6.    On February 11, 2008, Plaintiff and UPS filed a Stipulation and Order to Stay

4  Case and All Applicable Deadlines and Statutes Pending Further Order of the Court. (Harper

5  Decl. ¶ 7.) The stipulation stayed all statutory and court deadlines pending the California

6  Supreme Court's decision in *Jones v. Lodge at Torrey Pines*, No. S151022, which would decide

7  whether individuals can be held liable under the FEHA for retaliation. (Harper Decl. ¶ 7, Exhibit

8  D.)

9    7.    On February 22, 2008, the Court remanded the case on the ground that the joinder

10  of the non-diverse defendants, Muniz and Agenjo, was not fraudulent because the case law

11  regarding a supervisor's liability for retaliation under the FEHA was unsettled. *Harris v. United*

12  *Parcel Service, Inc.*, No. C-08-0315 (N.D. Cal. Feb. 22, 2008) (order of remand). (Harper Decl. ¶

13  8, Exhibit E.)

14    8.    On March 3, 2008, the Supreme Court issued its decision in *Lodge at Torrey*

15  *Pines*, holding that individuals cannot be held personally liable for retaliation under the FEHA.

16  *Lodge at Torrey Pines*, No. S151022, 2008 U.S. Dist. LEXIS 2504, *35 (Mar. 3, 2008).

17    9.    On March 5, 2008, Plaintiff filed a First Amended Complaint ("FAC") in the

18  Superior Court of California for the County of Alameda. (Harper Decl. ¶ 9, Exhibit F.)  On

19  March 6, 2008, Plaintiff served the FAC on Agenjo and Muniz. (Harper Decl. ¶ 9.)  The FAC

20  alleges the following fourteen causes of action: (1) wrongful termination in violation of the

21  FEHA against UPS; (2) wrongful termination in violation of public policy against UPS; (3) racial

22  discrimination in violation of the FEHA against UPS; (4) age discrimination in violation of the

23  FEHA against UPS; (5) disability discrimination in violation of the FEHA against UPS; (6)

24  retaliation in violation of the FEHA against UPS; (7) breach of contract against UPS; (8) breach

25  of implied covenant of good faith and fair dealing against UPS; (9) unlawful business practices

26  against UPS; (10) inducement of a breach of contract against Agenjo and Muniz; (11) intentional

27  interference with prospective economic advantage against Agenjo and Muniz; (12) negligent

28  interference with prospective economic advantage against Agenjo and Muniz; (13) intentional

1    inflection of emotional distress against UPS; and (14) defamation as against Agenjo and Muniz.

2    (Harper Decl. ¶ 9, Exhibit F.)

3       10. On April 3, 2008, Defendants UPS, Agenjo, and Muniz each filed an Answer to

4    Plaintiff's FAC in the Superior Court of California for the Country of Alameda. (Harper Decl. ¶

5    13, Exhibit J.)

6       11. Pursuant to the Court's Order on February 22, 2008, Plaintiff's initial Complaint

7    did not set forth a basis for removal. Order of Remand, at 2-3. The FAC is the first paper filed

8    by Plaintiff setting forth the claims for relief which may be removed. No other such papers were

9    received by UPS, Muniz or Agenjo prior to March 6, 2008.[1] Accordingly, this Notice of

10    Removal is being filed within 30 days of receipt by Muniz and Agenjo of the paper upon which

11    removal is based, and is timely filed pursuant to 28 U.S.C. § 1446(b) ("if the case stated by the

12    initial pleading is not removable, a notice of removal may be filed within thirty days after receipt

13    by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which

14    it may first be ascertained that the case is one which is or has become removal").

15       12. On March 7, 2008, Defendants UPS, Agenjo, and Muniz filed a Case Management

16    Statement in the Superior Court of California for the County of Alameda. On March 10, 2008,

17    Plaintiff filed a Case Management Statement in the Superior Court of California for the County of

18    Alameda. (Harper Decl. ¶¶ 10, 11, Exhibits G, H.)

19       13. On March 13, 2008, Plaintiff's counsel, Matt Oliveri, and Defendants' counsel,

20    Kerri N. Harper and Anna L. Chu, attended a case management conference in the Superior Court

21    of California for the County of Alameda. On March 13, 2008, the Superior Court of California

22    for the County of Alameda issued a Tentative Case Management Order setting a further case

23    management conference for July 10, 2008. (Harper Decl. ¶ 12, Exhibit I.)

24       14. In accordance with 28 U.S.C. § 1446(d), Defendants UPS, Muniz, and Agenjo

25    will, promptly after filing the present Notice of Removal, give written notice of this Notice of

26    Removal to Plaintiff and file a copy of this Notice of Removal with the Clerk of the Superior

27

28    [1] UPS has not yet been served with the FAC. (Harper Decl. ¶ 9.)


1   claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract

2   law.") (citation omitted); *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991) (Section 301

3   of the LMRA completely preempts state law claims either when those claims are "founded

4   directly on rights created by collective-bargaining agreements," or when a claim based on a state

5   law right "requires the interpretation of a collective bargaining- agreement").

6       5.      Claims that are completely preempted by Section 301 of the LMRA are treated as

7   claims arising under federal law of which this Court has original jurisdiction under 28 U.S.C. §

8   1331. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been

9   completely pre-empted, any claim purportedly based on that pre-empted state law is considered,

10  from its inception, a federal claim, and therefore arises under federal law. . . . The complete pre-

11  emption [doctrine] is applied primarily in cases raising claims pre-empted by § 301 of the

12  LMRA.") (citations omitted); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463

13  U.S. 1, 23 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any

14  state cause of action 'for violation of contracts between an employer and a labor organization.'

15  Any such suit is purely a creature of federal law, notwithstanding the fact that state law would

16  provide a cause of action in the absence of § 301.") (footnote and citations omitted); *Galvez v.*

17  *Kuhn*, 933 F.2d 773, 775-76 (9th Cir. 1991) ("'Once an area of state law has been completely

18  preempted, any claim purportedly based on that preempted state law is considered . . . a federal

19  claim, and therefore arises under federal law.' In those instances, a claim that seemingly rests

20  solely on state law may nonetheless be removable.") (citation and internal quotations omitted).

21      6.      Five of the causes of action asserted for the first time in Plaintiff's FAC—seventh

22  (breach of contract), eighth (breach of implied covenant of good faith and fair dealing), tenth

23  (inducement of a breach of contract), eleventh (intentional interference with a prospective

24  economic advantage), and twelfth (negligent interference with a prospective economic advantage)

25  causes of action—are preempted completely by Section 301 of the LMRA.

26      7.      The law is well-settled that when a breach of contract claim alleges a breach of the

27  CBA, it falls squarely under the preemptive force of Section 301. *Local 174, Teamsters of Am. v.*

28  *Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962) (holding that Section 301 preempts the use of state

1   contract law in CBA interpretation and enforcement); *Davies v. Premier Chems.*, 50 Fed. App'x
2   811 (9th Cir. 2002) ("Section 301 preempts state law breach of contract claims based on the
3   [CBA].") (citing *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001)
4   (en banc)). Here, Plaintiff alleges in the FAC that "in regards to his employment," he "was
5   subject to a collective bargaining agreement between the Teamsters Union and UPS." (FAC ¶
6   10.) This is the only contract to which Plaintiff refers in the FAC which governed the 20-year
7   "employment relationship" he had with UPS. (FAC ¶ 115.) Thus, to assess whether UPS's
8   termination of Plaintiff's employment breached the CBA and Plaintiff's alleged "reasonable and
9   legitimate expectation that his employment would extend into the future," the Court will have to
10  interpret the provisions of the CBA which permit UPS to terminate the employment relationship.
11  (FAC ¶ 113.) Accordingly, Plaintiff's seventh cause of action for breach of contract (FAC ¶¶
12  111-120) is preempted by Section 301.
13        8.      For similar reasons, Plaintiff's eighth cause of action for breach of an implied duty
14  of good faith and fair dealing (FAC ¶¶ 121-127) is preempted by Section 301. The Ninth Circuit
15  already has held that Section 301 preempts the California cause of action for breach of the
16  implied covenant of good faith and fair dealing when the implied covenant stems from the CBA.
17  *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 567, 599 (9th Cir. 1996) (claim for breach
18  of the covenant of good faith and fair dealing is also preempted because the covenant is an
19  implied term of her CBA); *Cook v Lindsay Olive Growers*, 911 F.2d 233, 239 (9th Cir. 1990)
20  (where the collective bargaining agreement contains terms governing job security, the breach of
21  covenant of good faith and fair dealing cause of action is preempted); *Newberry v. Pac. Racing*
22  *Assoc.*, 854 F.2d 1142 (9th Cir 1988) (holding that where the plaintiff's employment contract was
23  the CBA, the claim for breach of implied covenant would require the Court to interpret the
24  language of the CBA, and thus, the claim is preempted by Section 301). Specifically, to
25  determine the nature of an implied covenant where there is a CBA in place, the Court would need
26  to interpret the provisions of the CBA because it "cannot impose substantive duties or limits on
27  the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz*
28  *v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000). Furthermore, any obligation imposed by an

1  implied covenant "is measured by the provisions of the particular agreement at issue," *Kuhn v.*

2  *Dep't of Gen. Servs.*, 22 Cal. App. 4th 1627, 1637 (Ct. App. 1994), and thus requires analysis of

3  the CBA. Here, Plaintiff alleges that UPS "had a legal obligation to use good faith and fair

4  dealing with [him]." (FAC ¶ 122.)  Plaintiff claims that UPS breached this obligation by

5  terminating his employment and depriving him of "benefits, including retirement and pension

6  benefits." (FAC ¶ 124.)  Again, Plaintiff alleged that "in regards to his employment," he "was

7  subject to a collective bargaining agreement between the Teamsters Union and UPS." (FAC ¶

8  10.) This includes the retirement and pension benefits provided through his employment with

9  UPS. Thus, to decide whether UPS failed to exercise its purported legal obligation to use good

10  faith and fair dealing when it terminated Plaintiff and improperly denied him the benefits of

11  employment, the Court necessarily would have to interpret the CBA. Given such, Plaintiff's

12  claim for breach of the implied covenant is preempted by Section 301.

13     9.     Plaintiff's tenth (inducement of a breach of contract), eleventh (intentional

14  interference with a prospective economic advantage), and twelfth (negligent interference with a

15  prospective economic advantage) causes of action are preempted completely by Section 301

16  because they are all based on the CBA and require the interpretation of the CBA. The Ninth

17  Circuit has "generally found claims for interference with contractual relations and prospective

18  economic advantage preempted by section 301." *Milne Employees Assoc. v. Sun Carriers, Inc.*,

19  960 F.2d 1401, 1412 (9th Cir. 1992).  This is so because where a contractual relationship stems

20  from the CBA, the court must interpret the CBA to determine whether there was a tortious

21  interference of the CBA. *See id.* at 1412 ("a court [can]not determine whether [defendants]

22  induced a breach of the employees' contract with [the employer] without construing the actual

23  terms of the contract."); *Scott v. Machinsts Auto. Trades D. Lodge*, 827 F.2d 589, 592 (9th Cir.

24  1987) ("Interference with contract relations is obviously connected with interpretation of the

25  contract."); *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1121 (C.D. Cal. 2002) (dismissing a claim for

26  tortious interference of contractual relations where the underlying contract was a CBA and

27  reasoning that "this Court could not determine whether there was a breach of the contract without

28  construing the terms of the contract"). Here, Plaintiff alleges that Muniz and Agenjo "induc[ed]

1  UPS to terminate PLAINTIFF's employment at UPS," "caused UPS to . . . terminate

2  PLAINTIFF," and "influence[ed] UPS to terminate PLAINTIFF" allegedly in violation of the

3  contract—*i.e.* collevtive bargaining agreement—that governed the terms and conditions of his

4  employment.   (FAC ¶¶ 10, 144, 158, 168.)  Because plaintiff's three claims—for inducement of

5  a breach of contract and intentional and negligent interference with a prospective economic

6  advantage—are each based upon alleged interference with the CBA and require the interpretation

7  of it, his tenth, eleventh, and twelfth causes of action are preempted by Section 301.

8          10.    Since Plaintiff's seventh (breach of contract), eighth (breach of implied covenant

9  of good faith and fair dealing), tenth (inducement of a breach of contract), eleventh (intentional

10  interference with a prospective economic advantage), and twelfth (negligent interference with a

11  prospective economic advantage) causes of action are preempted completely by Section 301 of

12  the LMRA, federal question jurisdiction exists in this case, and the requirements for removal

13  under 28 U.S.C. §§ 1331 and 1441(b) are satisfied.

14          11.    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over

15  Plaintiff's remaining claims because they are transactionally related to Plaintiff's seventh, eighth,

16  tenth, eleventh, and twelfth causes of action.  Like these claims, all of the remaining claims in the

17  FAC stem from Plaintiff's termination from employment.  (FAC ¶¶ 47, 62, 75, 85, 96, 106, 114,

18  125, 132, 144-48, 158-59, 168, 175-76, 186.)  Because all of Plaintiff's claims arise from the

19  same common nucleus of operative facts, all should be tried in one action.  *Nishimoto v.*

20  *Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of

21  convenience, judicial economy and fairness to the litigants strongly favor this Court exercising

22  jurisdiction over Plaintiff's entire Complaint.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-

23  26 (1966).

24  **C.    DIVERSITY-OF-CITIZENSHIP JURISDICTION ALSO EXISTS**

25  *All Defendants in This Case Are Diverse, With The Exception of The Fraudulently Joined*

26  *Individual Defendants.*

27          1.    The FAC, and each alleged cause of action contained therein, also may be properly

28  removed on the basis of diversity-of-citizenship jurisdiction, in that it is a civil action between

citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

2.    Defendants are informed and believe, and on that basis allege, that Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a), because his place of residence and domicile is within the State of California.  (FAC ¶ 1 (alleging that Plaintiff is currently a resident of the County of Alameda, State of California).)

3.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

4.    UPS is now, and was at the time this action was commenced, a citizen of the State of Ohio within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Ohio, and now has and has had its principal place of business in the State of Georgia.  (Harper Decl. ¶ 17.)

5.    Muniz and Agenjo are now, and were at the time this action commenced, citizens of the State of California who worked for UPS in Northern California.  (Harper Decl. ¶ 18.) Although they are citizens of the State of California, they are sham defendants because, as set forth below, they cannot be held liable for any of the causes of action asserted against them in Plaintiff's FAC.  Accordingly, their presence does not destroy diversity.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the Plaintiff fails to state a cause of action against a resident defendant . . . the joinder of the resident defendant is fraudulent."); *Scopas v. Armstrong World Indus.*, 114 L.R.R.M. (BNA) 2933, 2934-35 (C.D. Cal. 1983), *aff'd*, 770 F.2d 171 (9th Cir. 1985) (discharged employee's joinder of former supervisor as a non-diverse party was fraudulent; plaintiff could state no valid cause of action against him).

6.    Plaintiff asserts four causes of action against Muniz and Agenjo: (1) inducement of a breach of contract; (2) intentional interference with prospective economic advantage; (3) negligent interference with prospective economic advantage; and (4) defamation.  For the reasons set forth below, each of these claims fails as a matter of law.

*All of the Claims That Plaintiff Alleges Against Agenjo and Muniz Fail Because They Allege*
*Tort Causes of Action Against Managers.*

7.    Managers are protected from tort liability for their actions "[b]ecause a managerial employee has an interest in benefiting his or her employer." *Graw v. L.A. County Metro. Transp. Auth.*, 52 F. Supp. 2d 1152, 1154 (C.D. Cal. 1999).  It is important to protect a manager's actions because "[t]he relationship and communication with management must be open and specific for the business enterprise to succeed." *Halvorsen v. Aramark Uniform Servs., Inc.*, 65 Cal. App. 4th 1383, 1395 (1998).  In fact, California courts have extended this protection to protect the personnel-related actions of all employees. *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 345-46 (1998) (holding that individual co-workers cannot be held liable in tort for these type of personnel-related actions).  Here, Plaintiff alleges that Agenjo and Muniz were involved in personnel-related termination decisions.  (FAC ¶¶ 10, 144, 158, 168.)  He also alleges that Agenjo and Muniz "committed [the alleged] acts at the direction of, or in concert with, or with the authorization of" UPS.  (FAC ¶ 6.)  This demonstrates that Agenjo or Muniz were not acting in self interest or for personal benefit in terminating Plaintiff's employment.  Therefore, they are protected from liability for allegedly inducing a breach of contract, intentionally interfering with Plaintiff's prospective economic advantage, negligently interfering with prospective economic advantage, and defaming Plaintiff by the manager's privileged. *See Aalgaard v. Merchants Nat'l Bank, Inc.*, 224 Cal. App. 3d 674, 684 (1990) ("a manager or agent may, with impersonal or disinterested motive, properly endeavor to protect the interests of his principal by counseling the breach of a contract with a third party which he reasonably believes to be harmful to his employer's best interests.") (citation & quotation marks omitted)); *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (applying the managers privilege to reject a defamation claim against a manager, stating that "[the manager's privilege] protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability . . . .") (citing *L.A. Airways v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982)).  For this reason alone, Plaintiff's FAC fails as alleged against them, and renders their status as defendants irrelevant.

***Plaintiff's Tenth, Eleventh, and Twelfth Causes of Action Are Preempted Completely by Federal Labor Law.***

As discussed above, Plaintiff's tenth (inducement of a breach of contract), eleventh (intentional interference with a prospective economic advantage), and twelfth (negligent interference with a prospective economic advantage) causes of action are preempted completely by Section 301 of the LMRA because all three claims are based on the CBA and require interpretation of the CBA. *See Milne*, 960 F.2d at 1412 (holding that claims for tortious interference of contractual and economic relationships are preempted by § 301); *Wynn*, 234 F. Supp. 2d at 1119 ("[A] state cause of action for tortious interference with contractual relations, where the underlying contract is a collective bargaining agreement, is preempted by § 301."). Plaintiff failed to plead these as LMRA claims and, furthermore, failed to timely assert them. *Audette v. Int'l Longshoremen's & Warehousemen's Union, Local 24*, 195 F.3d 1107, 1111 (9th Cir. 1999 (LMRA claims must be filed within six months of the adverse employment action). Therefore, they fail as a matter of law as plead against Agenjo and Muniz.

***Plaintiff's Tenth Cause of Action For Inducement of a Breach Contract Fails For the Additional Reason That Corporate Agents and Employees Are Not Liable for a Breach of the Corporation's Contract.***

8. As alleged by Plaintiff, Agenjo and Muniz are "agent[s], employee[s] or servant[s] of' UPS. (FAC ¶ 6.) "[A]gents of the employer who are vested with the power to act for the employer (*rightly or wrongly*) in terminating plaintiff's employment[, . . .] stand in the place of the employer, because the employer—the other party to the supposed contract—cannot act except through such agents." *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990) (emphasis added)). Thus, "[i]t is … well established that corporate agents and employees cannot be held liable for inducing a breach of the corporation's contract." *Id.*; *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) ("the tort cause of action for interference with a contract does not lie against a party to the contract"); *Black v. Bank of America N.T. & S.A.*, 30 Cal. App. 4th 1, 4 (Ct. App. 1994) ("a party to a contract may not be held liable in tort for conspiring to interfere with its own contract") (citing *Applied Equipment*, 7 Cal. 4th at 507-508, 510).

1  Accordingly, as "the other party to the contract," Agenjo and Muniz cannot be held liable for

2  inducing a breach of an alleged contract.

3  ### *Plaintiff's Eleventh Cause of Action For Intentional Interference with*

4  *Prospective Economic Advantage Is Identical to Plaintiff's Claim for Inducement of a Breach*

5  *of Contract and Fails For the Same Reasons.*

6      9.      As the California Supreme Court stated in *Shoemaker*, when a plaintiff brings a

7  claim for interference with prospective economic advantage but does not identify any other

8  prospective economic advantage other than the continuation of employment, the alleged tort of

9  interference "is in reality identical in substance to plaintiff's claim for inducement of breach of

10  contract." *Shoemaker*, 52 Cal. 3d at 24 (rejecting plaintiff's claim for intentional interference

11  with prospective economic advantage on the same basis as plaintiff's claim for inducing breach of

12  contract). Here, Plaintiff's eleventh cause of action against Agenjo and Muniz for interference

13  with Plaintiff's prospective economic advantage (FAC ¶¶ 155-165) is almost an exact duplicate

14  of Plaintiff's tenth cause of action for inducement of a breach of contract. The only additional

15  allegation is that Plaintiff "suffered economic harm, especially to his retirement and pension

16  benefits." (FAC ¶ 160.) This additional allegation, however, does not affect the determination of

17  this claim because Plaintiff alleges that these benefits "existed through UPS." (FAC ¶ 160.) That

18  is, the benefits existed as part of his employment relationship with UPS. There is no allegation

19  that these benefits stem from any other source. Thus, Plaintiff has not identified any "prospective

20  economic advantage" other than the continuation of his employment relationship with UPS. As

21  such, Plaintiff's eleventh cause of action for intentional interference with prospective economic

22  advantage is barred against Agenjo and Muniz for the same reasons that Plaintiff's claim for

23  inducement of a breach of contract fails.

24  ### *Plaintiff's Twelfth Cause of Action For Negligent Interference with Prospective*

25  *Economic Advantage Fails For the Additional Reason That Agenjo and Muniz's Actions Were*

26  *Intentional, Not Negligent.*

27      10.      Plaintiff's twelfth cause of action against Agenjo and Muniz alleges that Agenjo

28  and Muniz negligently interfered with Plaintiff's prospective economic advantage. (FAC ¶¶ 166-

Case No.                                                    -12-                      DEFENDANTS' NOTICE OF REMOVAL

173.)  First, this cause of action is barred against Agenjo and Muniz because the alleged actions of which Plaintiff complains are intentional, not negligent. *Semore v. Pool*, 217 Cal. 3d 1087, 1105 (1990) ("It is clear . . . that any action by the employer [is] intentional, not negligent.  An employer's supervisory conduct is inherently 'intentional.'") (internal quotes omitted). Specifically, Plaintiff alleges that "DEFENDANTS AGENJO and MUNIZ sought to terminate PLAINTIFF'S employment by convincing UPS to terminate PLAINTIFF."  (FAC ¶ 17.)  Plaintiff also alleges that "DEFENDANTS AGENJO and MUNIZ would not allow PLAINTIFF to begin working," and that Agenjo and Muniz sent termination letters to Plaintiff.  (FAC ¶¶ 21-22.) There is no indication from Plaintiff's FAC that Agenjo and Muniz's actions were negligent, rather than intentional, employment-related decisions.   As intentional, employment-related decisions, they cannot form the basis of a negligence claim.  Thus, the claim for negligent interference with a prospective economic advantage is barred against Agenjo and Muniz.

11.    Further, similar to his claim for intentional interference with prospective economic advantage, here, Plaintiff has not alleged any "prospective economic advantage" distinct from Plaintiff's employment relationship with UPS.  (FAC ¶¶ 166-173.)  Rather, Plaintiff again alleges that the interference with his economic relationship occurred when Agenjo and Muniz "influence[ed] UPS to terminate PLAINTIFF."  (FAC ¶ 168.)  Thus, as the basis for Plaintiff's claim remains the termination of his employment with UPS, Plaintiff's claim for negligent interference with prospective economic advantage also fails for the same reason that his claim for inducement of a breach of contract fails.

   *Plaintiff's Fourteenth Cause of Action For Defamation Fails For the Additional Reason That Plaintiff Has Not Alleged Sufficient Facts to Support His Claim.*

12.    Plaintiff's FAC fails as a matter of law to state a claim for defamation because he does not allege any specific defamatory statements made by Muniz and Agenjo.  This is required

1  even under the liberal federal pleading standards.[2] *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d

2  1198, 1216 (C.D. Cal. 2004) (granting defendant's motion to dismiss where plaintiff failed to

3  plead specific defamatory statements) (citing *Bloomquist v. Albee*, 2004 WL 2203469, at *5-6 (D.

4  Me. 2004) (federal notice pleading standards not satisfied where plaintiff's 79 page complaint

5  failed to plead the particular statements comprising alleged slander); *see also Silicon Knights, Inc.*

6  *v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997) (dismissing a defamation

7  claim because plaintiff did not allege the substance of the alleged defamatory remarks); *Chabra v.*

8  *Southern Monterey County Memorial Hospital, Inc.*, 1994 WL 564566, at * 7 (N.D. Cal.1994)

9  (dismissing defamation claim which alleged, on information and belief, that defendants defamed

10  plaintiff by publishing unidentified false statements about him).  Plaintiff's FAC fails to allege

11  any specific defamatory remarks or the substance of any such remarks allegedly made by Agenjo

12  or Muniz.  Instead, Plaintiff pleads only broad, generalized statements that Agenjo and Muniz

13  made "numerous slanderous statements" about him to persons at UPS and that they had acted

14  with malice and ill will.  (FAC ¶ 186.)  Accordingly, Plaintiff's defamation claim fails as a matter

15  of law.

16

17

18

19

20

21

22

23  [2] California defamation pleading standards are well-settled: a plaintiff must plead the specific
defamatory statements in order to survive a demurrer to a defamation claim. *Okun v. Superior*
24  *Court*, 29 Cal. 3d 442, 458 (1981) (stating that slander is charged by alleging the substance of the
defamatory statement); *Ellenberger v. Espinosa*, 30 Cal. App. 4th 943, 951 (1994) (finding that a
25  defamation claim "is defective because it 'does not allege either the specific words or the
substance of [the] statements . . . but instead merely alleges the conclusions of the pleader that
26  statements were made which intimidated and suggested that plaintiff had done certain wrongful
things'") (quoting *Lipman v. Brisbane Elementary Sch. Dist.*, 5 Cal. 2d 224, 235 (1961)).  The
27  Ninth Circuit has found this standard persuasive when analyzing claims subject to a motion to
dismiss.  *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 n. 2 (9th Cir.1984).

28

13.    For each of the foregoing reasons, Plaintiff will not be able to prevail on any of the causes of action he alleges against Muniz and Agenjo. Therefore, they are fraudulently added defendants and should be disregarded for purposes of removal.[3]

---

[3] It does not appear that Plaintiff pleaded his intentional infliction of emotional distress ("IIED") claim against Agenjo or Muniz. (FAC ¶¶ 174-184.) Indeed, Plaintiff specifically alleges that "UPS'S conduct was intentional, or reckless, and was aimed directly at PLAINTIFF," and that "UPS'S conduct is the legal and proximate cause of PLAINTIFF's damages." (FAC ¶¶ 178, 182.) Nonetheless, even if Plaintiff did assert an IIED claim against Agenjo and Muniz, the claim fails because Plaintiff cannot establish the requisite showing that Muniz's and Agenjo's conduct was so "extreme and outrageous . . . as to exceed all bounds of that usually tolerated in a civilized society." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). "[I]t is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Id.* at 496. Rather, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Under this standard, the conduct alleged by Plaintiff—that Muniz and Agenjo reinstated and terminated Plaintiff multiple times (FAC ¶ 175)—is insufficient as a matter of law to establish a claim of IIED. *See McCabe*, 811 F.2d at 1339 (in action for IIED, domicile of supervisor ignored where claim fails to state requisite degree of outrageousness).

Additionally, the exclusive remedy for physical and emotional injuries arising from employment is the workers' compensation insurance scheme. *See Livitsanos v. Superior Court*, 2 Cal. 4th 744, 753-54 (1992) (stating the workers' compensation scheme applies to both physical and emotional injuries); *see also Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713-14 (1994) (discussing case law holding that the remedy for injuries caused by negligent conduct and injuries caused by intentional ordinary employer conduct are subject to the workers' compensation insurance scheme). The workers' compensation scheme applies to injuries that occur as a "normal part of the employment relationship." *Livitsanos*, 2 Cal. 4th at 752 (citation and quotation marks omitted). A vast array of employment actions fall within those that are a "normal part of the employment relationship," including "demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987). Termination and any alleged post-discharge injuries that were "caused by conduct leading up to the termination and injuries caused by the termination itself" have also been included as part of the normal course of the employment relationship. *Shoemaker*, 52 Cal. 3d at 19-20. "Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions." *Id.* at 25. Here, Plaintiff's alleged injuries caused by his discharge and reinstatement from employment are all part of the normal part of the employment relationship. (FAC ¶¶ 175, 176.) Further, Agenjo and Muniz "committed [the alleged] acts at the direction of, or in concert with, or with the authorization of" UPS. (FAC ¶ 6.) Accordingly, Plaintiff's thirteenth claim for emotional distress damages is restricted to the remedy within the workers' compensation scheme.

### The Jurisdictional Amount Requirement Is Satisfied.

14.    Plaintiff's FAC seeks an unspecified amount of general, special, and punitive damages, and costs and attorneys' fees in connection with the causes of action set forth in his Complaint.[4] (FAC ¶¶ A-G.)  Plaintiff's failure to specify in his FAC the amount of damages he seeks, however, does not deprive this Court of jurisdiction.  *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.").  In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Assoc. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

15.    Here, the nature of the Plaintiff's allegations and the damages sought indicate the amount in controversy exceeds $75,000.  Notably, in his Original Complaint Plaintiff alleged that he "suffered past and future wage loss and loss of earning capacity in excess of $1.5 million through his anticipated retirement age 67, loss of additional job-related benefits in excess of $500,000, and severe emotional distress." (Harper Decl. ¶ 19, Ex. A.)  Plaintiff's FAC adds *seven new causes of action*.  Thus, he estimates his monetary damages—exclusive of attorneys fees—as equal to or exceeding $2 million.  Moreover, Plaintiff cannot now, in an attempt to destroy diversity jurisdiction, contradict his prior allegation.  *See e.g. Black*, 30 Cal. App. 4th at 6

---

Plaintiff's IIED claim also is barred because the claim is based upon personnel-related decisions related to Plaintiff's termination and because the alleged wrongdoings are protected by the manager's privilege.

[4] In his original Complaint, Plaintiff requests economic damages for lost income, emotional distress damages, punitive damages, attorney's fees and interests. (Harper Decl. ¶ 19, Ex. A.)

1   n.3 (dismissing plaintiff's complaint on demurrer where plaintiff attempted to amend complaint

2   by changing facts as originally plead); rebuking appellants for alleging contradictory facts in an

3   amended cross-complaint); *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 877-78 (1992)

4   (plaintiff may not avoid demurrer by pleading facts that contradict facts pleaded in earlier

5   actions).

6         16.     Further, in similar cases, courts have returned verdicts in excess of $75,000. *See*

7   *Dedekian v. Central Unified Sch. Dist.*, No. 03-Ce-Cg-02424 (Cal. Super. Ct. 2006) (disability

8   discrimination and failure to accommodate case; plaintiff's verdict for $112,289); *Clark v.*

9   *Riverside County Sheriff's Dep't*, No. RIC352666 (Cal. Super. Ct. 2003) (FEHA disability

10  discrimination case; $160,000 in economic damages, and $300,000 in non-economic damages);

11  *Linza v. Diamond Center, Inc.*, No. C01-02898 (Cal. Super. Ct. 2002) (wrongful discharge,

12  breach of contract, fraudulent inducement and pretextual discharge case; plaintiff's verdict for

13  $2,971,806); *Forer v. St. Luke's Hosp.*, No. 99-4860, 2001 WL 558058 (N.D. Cal. Mar. 21, 2000)

14  (wrongful discharge in violation of public policy case; plaintiff's verdict for $125,000 for lost

15  income and $260,000 for emotional distress damages, and while the jury was deliberating on

16  punitive damages, the parties reached a confidential settlement). Thus, because Plaintiff himself

17  alleges damages in excess of $75,000, and because courts in similar cases have returned verdicts

18  in excess of $75,000, it is more likely than not that the amount placed in controversy by

19  Plaintiff's FAC is above the jurisdictional minimum of this Court. *See Sanchez v. Monumental*

20  *Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996) (defendant must show that the amount in

21  controversy "more likely than not" exceeds the jurisdictional amount of the Court).

22         ***Conclusion***

23        17.     Because Plaintiff and UPS are citizens of different states, and the Court may

24  disregard the citizenship of Muniz and Agenjo and the Doe defendants, there is complete

25  diversity between the parties. Further, because there is complete diversity and the amount in

26  controversy threshold is met, the requirements for removal under 28 U.S.C. Sections 1332(a) and

27  1441(a) are satisfied.

28  **D.    INTRADISTRICT ASSIGNMENT**

Case No.                                 -17-              DEFENDANTS' NOTICE OF REMOVAL

1    Pursuant to Local Rule 3-2(c), this action should be removed to the United States

2    District Court for the Northern District of California, Oakland district, because a substantial part

3    of the events which allegedly gave rise to this claim occurred in Oakland, California. (Harper

4    Decl. ¶ 16.)

5    WHEREFORE, Defendants UPS, Agenjo, and Muniz remove the above-entitled

6    action now pending in the Superior Court of the State of California for the County of Alameda to

7    this Court.

8    DATED:  April 3, 2008          E. JEFFREY GRUBE
                                      KERRI N. HARPER
9                                     ANNA L. CHU

10                                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

11

12                                    By: _____
                                              KERRI N. HARPER
13

14                                    Attorneys for Defendants
                                      UNITED PARCEL SERVICE, INC.,
                                      TONY AGENJO, and KIMBERLY MUNIZ
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Fax Server            11/30/2007 12:08:37 PM    PAGE   1/001   Fax Server

18/30/2007 13:13    9259351789    MEHLMAN TERBEEK LLP    PAGE  84

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
UNITED PARCEL SERVICES, INC. an Ohio Corporation
Tony Agento; Kimberly Muniz, and DOES ONE
through ONE HUNDRED, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
MARK HARRIS

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED BY FAX**
**ALAMEDA COUNTY**
October 30, 2007
**CLERK OF**
**THE SUPERIOR COURT**
By Denise Wells, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
(Número del Caso):
RG07353967

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 FALLON STREET
OAKLAND, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MARC L. TERBEEK, ESQ. (SBN 166098)    MEHLMAN TERBEEK LLP
2125 OAK GROVE ROAD, SUITE 125
WALNUT CREEK, CA 94598

DATE:                                        Clerk, by _____, Deputy
*(Fecha)*  October 30, 2007            *(Secretario)*  Denise Wells    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.  Employee
2. ☐ as the person sued under the fictitious name of (specify):
   UNITED PARCEL SERVICE
3. ☒ on behalf of (specify): UNITED Parcel SERVICE ETC
   under:  ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify): Employee
4. ☒ by personal delivery on (date): 12-19-07

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Fax Server          11/30/2007 12:08:18 PM    PAGE    1/001    Fax Server

10/30/2007  13:13   9259351789           MEHLMAN TERBEEK LLP              PAGE  02

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| MARC L. TERBEEK (SBN 166098)<br>MEHLMAN TERBEEK LLP<br>2125 OAK GROVE ROAD, SUITE 125<br>WALNUT CREEK, CA 94598<br>TELEPHONE NO: (925) 935-3575   FAX NO: (925) 935-1789<br>ATTORNEY FOR *(Name)*: MARK HARRIS | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>October 30, 2007<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Denise Wells, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 FALLON STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: OAKLAND, CA 94612<br>BRANCH NAME: | |
| CASE NAME:   MARK HARRIS v. UNITED PARCEL SERVICE | CASE NUMBER:<br>RG07353967 |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:  SEVEN (7)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  OCTOBER 30, 2007

MARC L. TERBEEK
*(TYPE OR PRINT NAME)*                    ▶    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]          CIVIL CASE COVER SHEET          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice- Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability *(e.g., slip and fall)*
 Intentional Bodily Injury/PD/WD *(e.g., assault, vandalism)*
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights *(e.g., discrimination, false arrest) (not civil harassment)* (08)
Defamation *(e.g., slander, libel)* (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case-Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ-Administrative Mandamus
 Writ-Mandamus on Limited Court Case Matter
 Writ-Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

Martin Dean's
ESSENTIAL FORMS™

STEVEN J. MEHLMAN, ESQ., SBN 95881
MARC L. TERBEEK, ESQ. SBN: 166098
MEHLMAN ✦TERBEEK LLP
2125 Oak Grove Road, Suite 125
WALNUT CREEK, CA 94598
(925) 935-3575 (Tel)
(925) 935-1789 (Fax)

Attorneys for Mark Harris

FILED BY FAX
ALAMEDA COUNTY
October 30, 2007
CLERK OF
THE SUPERIOR COURT
By Denise Wells, Deputy
CASE NUMBER:
RG07353967

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

MARK HARRIS,

    Plaintiff,

    vs.

UNITED PARCEL SERVICE, INC., an
Ohio Corporation; Tony Agenjo; Kimberly
Muniz; and DOES ONE through ONE
HUNDRED, inclusive,

    Defendants.

Case No:

COMPLAINT FOR DAMAGES

DEMAND FOR JURY TRIAL

## I. INTRODUCTION

Plaintiff, a 20 year UPS employee with good work record who became disabled as a Driver due to an industrial injury, but who was nonetheless capable of performing the duties of other available positions at UPS, was wrongfully terminated in violation of UPS written guidelines requiring re-assignment of injured workers where possible. Such wrongful termination was in violation of state statutes, common law and public policy in that it was motivated by animus toward Plaintiff's disability and/or race, and deprived Plaintiff of equal accommodations.

As a result of Defendants' conduct as alleged herein, Plaintiff has suffered past and future wage loss and loss of earning capacity in excess of $1.5 million through his anticipated retirement at age 67, loss of additional job-related benefits in excess of $500,000, and severe emotional distress, all of which will be established according to proof at trial.

-1-

## II. PARTIES AND THEIR RELATIONSHIPS

1.    Plaintiff Mark Harris (Plaintiff) is, and at all times relative to this action was, a resident of the County of Alameda, State of California

2.    Defendant United Parcel Service, Inc. (UPS) is, and at all times relevant to this action was, a corporation duly organized under the laws of the State of California, with it principal place of business in Ohio.

3.    Plaintiff, a United States and California citizen of African American descent, was, at all times relevant to this action and up until his effective termination, employed by Defendant UPS, most recently as a Driver.

4.    Defendant Tony Agenjo is, and at all times relevant to this action was, employed in a supervisory position with UPS, and resident of the County of Alameda, State of California.

5.    Defendant Tony Agenjo is, and at all times relevant to this action was, employed in a supervisory position with UPS, and resident of the County of Contra Costa, State of California.

6.    Defendant Kimberly Muniz is, and at all times relevant to this action was, employed in a supervisory position with UPS, and resident of the County of Contra Costa, State of California.

7.    Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein is an agent, employee or servant of the other defendants, and in committing the acts alleged herein did so at the direction, and with the authorization and/or ratification of the other defendants.

8.    The true names of DOE Defendants ONE through ONE HUNDRED are presently unknown to Plaintiff, who thereby sues said defendants by such fictitious names in accordance with the provision of CCP Section 474. Plaintiff is informed and believes, and on that basis alleges that each such DOE defendant is responsible in some manner for the harm he has suffered by the conduct alleged herein. When Plaintiff ascertains their true names, he will amend this Complaint to state same.

-2-

1            III <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

2       9.      Plaintiff commenced employment with UPS, as a Loader, on or about March 3,

3   1986. He thereafter became employed as a Driver, and continued to perform that function until

4   April 12, 2004, when sequellae from a 1997 industrial injury arising from his employment with

5   UPS disabled Plaintiff from performing the function of Driver.

6       10.     Although Plaintiff was disabled from performing the job functions of a Driver due

7   to his industrial injury and was pursuing his Worker's Compensation remedies, he was

8   nonetheless released to perform modified work duty. Plaintiff sought such modified duties from

9   UPS, which had positions then available for Plaintiff to occupy consistent with his disability and

10  work restrictions, as a reasonable workplace accommodation.

11      11.     On December 7, 2005, Defendant Agenjo sought to terminate Plaintiff's

12  employment, causing Plaintiff to employ an employer-employee grievance procedure and to

13  formally seek, in writing on March 30, 2006, an alternative position with UPS, such as clerk, car

14  washer or feeder, all in an effort to settle his dispute with UPS without Court intervention.

15      12.     On April 11, 2006, prior to the exhaustion of Plaintiff's grievance procedures,

16  UPS, through Defendant Agenjo, issued a written notice of termination of Plaintiff's

17  employment. Pursuant to the employer-employee grievance procedure, a hearing on Plaintiff's

18  grievance was held on July 5, 2006, at which time Plaintiff was reinstated.

19      13.     Plaintiff promptly reported to work for UPS on July 6, 2006, but was denied any

20  opportunity to work or perform any employment with UPS clerk, car washer or feeder.

21  As it turned out, UPS had already issued and transmitted a letter dated July 5, 2006, through

22  Defendant Muniz, notifying Plaintiff that his employment with UPS had been terminated, which

23  Plaintiff received in the mail on July 6, 2006, after returning from his attempt to report to work at

24  UPS for employment as a clerk, car washer or feeder.

25      14.     Plaintiff continued to pursue the employer-employee grievance procedure, and

26  was advised that another hearing on his matter was set for April 20, 2007. However, on April 18,

27  2007, prior to the hearing, UPS transmitted another letter notifying Plaintiff that his employment

28  with UPS had been terminated, which Plaintiff received in the mail on April 19, 2007.

-3-

15.    A further hearing on Plaintiff's grievance was eventually set for October 1, 2007. Believing that any further pursuit of his employer-employee grievance procedure was futile, and would only provide UPS with a basis to further delay Plaintiff's efforts to seek further legal redress in Superior Court, Plaintiff exhausted his administrative remedies with the DFEH, and on April 25, 2007, obtained a right to sue letter from the DFEH.

16.    Plaintiff's pursuit of his administrative remedies through his employer-employee grievance procedure was not only required prior to commencing any suit arising from his employment at UPS, but also part of an ongoing settlement process utilized by the parties in an effort to resolve Plaintiff's dispute without Court intervention.

17.    Plaintiff is informed and believes that UPS acted in bad faith with regard to the employer-employee grievance procedure, for the purpose of misleading Plaintiff and delaying Plaintiff's pursuit of his legal remedies under applicable civil law.

18.    Plaintiff is further informed and believes that any further pursuit of his administrative remedies through the employer-employee grievance procedure would be futile, and only serve to further prejudice Plaintiff in the pursuit of his legal rights.

19.    Under the totality of circumstances, Plaintiffs exhaustion of his administrative remedies, under both the terms of Plaintiff's employment and applicable law, was timely.

### IV. CAUSES OF ACTION

Plaintiff asserts the following claims and causes of action against Defendants, and each of them:

### FIRST CAUSE OF ACTION
### [NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS]

20.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-19 of this Complaint.

21.    Defendants, and each of them, knew or in the exercise of reasonable care should have known that their wrongful conduct in terminating Plaintiff's employment would cause him to suffer wage loss/loss of earning capacity and mental/emotional distress. Defendants' conduct, as hereinabove alleged, breached their duty of care to Plaintiff, and was detrimental to Plaintiff.

-4-

22. As a direct and proximate result of Defendants' conduct as hereinabove alleged, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, in an amount exceeding the jurisdictional limits of this Court, to be established according to proof at trial.

## SECOND CAUSE OF ACTION
### [FEHA RETALIATION]

23. Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-22 of this Complaint.

24. Following Plaintiff's exercise of his lawful rights to seek a reasonable work accommodation pursuant to its own procedures and applicable law, Defendants retaliated against Plaintiff by terminating his employment with UPS in violation of the California Fair Employment and Housing Act.

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

## THIRD CAUSE OF ACTION
### [FEHA DISCRIMINATION]

26. Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-25 of this Complaint.

24. In failing and refusing to provide Plaintiff with a reasonable accommodation as required by its own procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in violation of its own procedures and applicable law, Defendants unlawfully discriminated against Plaintiff in violation of the California Fair Employment and Housing Act.

25. Plaintiff is informed and believes that such discrimination against Plaintiff was motivated by an animus against Plaintiff arising out of or attributable to Plaintiff's race, ethnicity and/or disability.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

-5-

**FOURTH CAUSE OF ACTION**
**[UNRUH ACT DISCRIMINATION -- CIV. CODE SECTION 51]**

27.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-26 of this Complaint.

28.    Plaintiff is informed and believes that Defendants' conduct in failing and refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in violation of its own procedures and applicable law, was motivated by an animus against Plaintiff arising out of or attributable to Plaintiff's race or ethnicity in violation of Plaintiffs rights under Cal. Civ. Code Section 51 and/or motivated by Plaintiff's physical disability in violation of Cal. Civ. Code Section 51.

29.    Defendants knew, or in the exercise of reasonable care should have known, that their conduct as alleged hereinabove would cause Plaintiff to suffer financial and emotional harm.

30.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

**FIFTH CAUSE OF ACTION**
**[WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY]**

31.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-30 of this Complaint.

32.    In terminating Plaintiff's employment Defendants acted in violation of the public policy of the State of California, embodied in Government Code 12960 et seq, Labor Code Section 139 and Civil Code Section 51, prohibiting retaliation against an employee for exercising his rights and prohibiting discrimination against an employee on account of his race or ethnicity.

33.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

///.

-6-

<div align="center">

**SIXTH CAUSE OF ACTION**
**[INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

</div>

34.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-33 of this Complaint.

35.    Defendants, and each of them, engaged in the conduct alleged herein either with an intent to cause Plaintiff to suffer the severe emotional distress alleged herein, or with the belief and understanding that such distress was substantially certain to occur. Such conduct was extreme and outrageous, and was not privileged.

36.    As a direct and proximate result of the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

<div align="center">

**SEVENTH  CAUSE OF ACTION**
**[UNFAIR BUSINESS PRACTICES AS AGAINST DEFENDANT FUJITEC]**

</div>

37.    Plaintiffs reincorporate by reference as though fully set forth herein the allegations contained in paragraphs 1-36 of this Complaint.

38.    Defendant UPS is a business pursuant to B&P Code sections 17200 et seq.

39.    Defendants' conduct in failing and refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in violation of its own procedures and applicable law,  constitutes and unfair/unlawful practice within the meaning of B&P Code sections 17200 et seq.

40.    Defendants knew, or in the exercise of reasonable care should have known, that the business practices alleged hereinabove would cause Plaintiff and others similarly situation to suffer financial and emotional harm.

41.    As a direct and proximate result of the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

<div align="center">-7-</div>

## IV. PUNITIVE DAMAGES ALLEGATIONS

42.   Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-41 of this Complaint.

43.   In perpetrating the conduct alleged hereinabove, Defendants, and each of them, acted with malice, fraud and oppression as defined under Civ. Code Section 3294, and otherwise sought to vex, annoy and injure Plaintiff in conscious disregard for her rights.

44.   Said conduct subjects Defendants, and each of them, to exemplary damages as provided for under Civ. Code Section 3294 and other applicable law.

## V.   PRAYER FOR RELIEF

45.   WHEREFORE Plaintiff prays for relief as set forth hereinbelow, in amounts according to proof at time of trial:

- For economic damages consisting of lost income and earning capacity, in an amount to be shown according to proof at trial;
- For non-economic damages consisting of pain and suffering, shock, mortification, humiliation, embarrassment, worry, anxiety and other forms of emotional distress, in an amount to be shown according to proof at trial;
- For restitution and/or disgorgement of profits as allowed by law;
- For injunctive relief as allowed by law;
- For Reasonable Attorneys Fees and Costs of Suit;
- For Prejudgment Interest as permitted by law;
- For such other relief as the Court may deem proper and just.

## VI.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

Dated: October 30, 2007          MEHLMAN ❖ TERBEEK LLP

By: _____
Marc L. TerBeek
Attorneys for Plaintiff

-8-

COMPLAINT
Case No.

# EXHIBIT B

# EXHIBIT B

COPY

| | |
|---|---|
| 1 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | E. JEFFREY GRUBE (SB# 167324) |
| 2 | KERRI N. HARPER (SB# 217377) |
| | ANNA L. CHU (SB# 243378) |
| 3 | 55 Second Street |
| | Twenty-Fourth Floor |
| 4 | San Francisco, CA 94105-3441 |
| | Telephone: (415) 856-7000 |
| 5 | Facsimile: (415) 856-7100 |

ENDORSED
FILED
ALAMEDA COUNTY

JAN 15 2008

CLERK OF THE SUPERIOR COURT
By  SUSAN ERICKSON
                                    Deputy

6   Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10                       (SOUTHERN DIVISION – HAYWARD)

11

12   MARK HARRIS,                          CASE NO. RG07353967

13              Plaintiff,                 **DEFENDANT UNITED PARCEL
                                           SERVICE INC.'S ANSWER TO
14        vs.                              PLAINTIFF'S UNVERIFIED COMPLAINT**

15   UNITED PARCEL SERVICE, INC., an
Ohio Corporation; Tony Agenjo; Kimberly
16   Muniz; and DOES ONE through ONE
HUNDRED, inclusive,
17
              Defendants.
18

19

20   TO PLAINTIFF MARK HARRIS AND TO HIS ATTORNEYS OF RECORD, STEVEN J.

21   MEHLMAN, MARC L. TERBEEK AND MEHLMAN AND TERBEEK:

22        Defendant UNITED PARCEL SERVICE, INC. ("UPS" or "Defendant"), for itself

23   alone and no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff

24   MARK HARRIS ("Plaintiff") as follows:

25        1.     Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

26   Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

27        2.     Defendant further denies, generally and specifically, that Plaintiff is

28   entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all,

LEGAL_US_W # 57948748.2

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   by reason of any act or omission on the part of Defendant, or any of its past or present agents,

2   representatives, or employees.

3          Without admitting any facts alleged by Plaintiff, Defendant also pleads the

4   following separate and affirmative defenses to the Complaint:

<div align="center">FIRST SEPARATE AND AFFIRMATIVE DEFENSE</div>

6          3.     The Complaint, and each purported claim alleged therein, fail to state a

7   claim upon which relief can be granted.

<div align="center">SECOND SEPARATE AND AFFIRMATIVE DEFENSE</div>

9          4.     The Complaint, and each of its causes of action, fail to state facts sufficient

10  to constitute a cause of action.

<div align="center">THIRD SEPARATE AND AFFIRMATIVE DEFENSE</div>

12         5.     Plaintiff is estopped from pursuing the claims in the Complaint, and each

13  purported cause of action contained therein, by reason of Plaintiff's own actions and course of

14  conduct.

<div align="center">FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

16         6.     Plaintiff waived the right, if any, to pursue the Complaint, and each of its

17  causes of action, by reason of Plaintiff's own actions and course of conduct.

<div align="center">FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

19         7.     The Complaint, and each of its causes of action, are barred by the doctrine

20  of laches.

<div align="center">SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

22         8.     The Complaint, and each of its causes of action, are barred by the doctrine

23  of unclean hands.

<div align="center">SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

25         9.     The Complaint, and each purported cause of action contained therein, are

26  barred in whole or in part because Defendant had an honest, good faith belief that all decisions

27  with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-

28  related reasons and were reasonably based upon the facts as Defendant understood them.

<div align="center">-2-</div>

LEGAL_US_W # 57948748.2

<div align="center">DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT</div>

<div align="center">EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

10.     The Complaint, and each of its causes of action, are barred, in whole or in part, by the after-acquired evidence doctrine.

<div align="center">NINTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

11.     The Complaint, and each of its causes of action, are barred, in whole or in part, by all applicable statutes of limitation, including but not limited to: CAL. GOV'T CODE §§ 12960 et seq.; CAL. CIV. PROC. CODE §§ 340 and 335.1; CAL. BUS. & PROF. CODE § 17208; *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 758—59 (Cal. Ct. App. 2002).

<div align="center">TENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

12.     To the extent that Plaintiff makes allegations or claims under the Fair Employment and Housing Act ("FEHA") with respect to a time period more than one year before Plaintiff allegedly filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), or which were not made the subject of a timely DFEH complaint, they are barred. CAL. GOV'T CODE §§ 12900 et seq.

<div align="center">ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

13.     The Complaint, and each alleged cause of action contained therein, are barred because Plaintiff failed to exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA. CAL. GOV'T CODE §§ 12900 et seq.

<div align="center">TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

14.     To the extent Plaintiff makes allegations or claims under the FEHA that do not reasonably fall within the scope of any claims made in any administrative complaints Plaintiff filed with the DFEH, they are barred.

<div align="center">THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

15.     The Second and Third Causes of Action for disability discrimination and retaliation in violation of FEHA are barred to the extent that any accommodation Plaintiff requested constituted an undue hardship.

<div align="center">-3-</div>

LEGAL_US_W # 57948748.2

<div align="center">DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT</div>

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    The Second and Third Causes of Action for disability discrimination and retaliation in violation of FEHA are barred to the extent Plaintiff did not engage in the interactive process.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.    The Second and Third Causes of Action for disability discrimination and retaliation in violation of FEHA are barred because Defendant would have taken the same employment actions with regard to Plaintiff regardless of any disability.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.    The Second and Third Causes of Action alleging FEHA violations are barred, in whole or in part, because Defendant exercised reasonable care to prevent and/or correct promptly any allegedly discriminatory or retaliatory behavior.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.    The Second and Third Causes of Action arising under FEHA are barred because any treatment of Plaintiff or difference in treatment of Plaintiff as compared with other UPS employees was based solely on lawful factors other than disability.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20.    The Second, Third and Fourth Causes of Action are barred because any differential treatment of Plaintiff by Defendant was undertaken pursuant to a differential based on a *bona fide* factor other than race, ethnicity, or disability.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21.    The Fourth Cause of Action is barred because the Unruh Civil Rights Act does not apply to employer-employee relationships. *Alcorn v. Anbro*, (1970) 2 Cal. 3d 493, 500; *Rojo v. Kliger*, (1990) 52 Cal. 3d 65, 77.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

22.    The First, Fifth, and Sixth Causes of Action are barred because Plaintiff's exclusive remedy, if any, for the injuries alleged is governed by the California Workers' Compensation Act, California Labor Code section 3200 *et seq.*

-4-

1

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

2      23.    To the extent the First, Fifth, and Sixth Causes of Action are based in

3  whole or in part upon any alleged physical or emotional injury or distress, Plaintiff is barred from,

4  and has waived any recovery for, any alleged physical or emotional injury or distress, to the

5  extent that Plaintiff has failed to pursue and exhaust her remedies, if any, under the California

6  Workers' Compensation Act. CAL. LAB. CODE §§ 3600, *et. seq.*

7

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

8      24.    The purported claim for violation of public policy is barred because

9  Plaintiff failed to exhaust the internal complaint procedures and/or other internal administrative

10  remedies made available to Plaintiff.

11

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

12      25.    The Seventh Cause of Action for unfair business practices is barred, in

13  whole or in part, by reason of Defendant's compliance with all applicable laws, statutes and

14  regulations.

15

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

16      26.    The Seventh Cause of Action for unfair business practices is barred

17  because the remedy under the California Business & Professions Code Section 17200, *et seq.,* for

18  such actions is limited to restitution and injunctive relief.

19

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

20      27.    The Seventh Cause of Action is barred to the extent that restitution

21  damages under California Business and Professions Code Sections 17200, *et seq.* deny due

22  process, impinge upon procedural and substantive due process rights, and violate the United

23  States Constitution.

24

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

25      28.    The Seventh Cause of Action under California Business and Professions

26  Code Sections 17200, *et seq.* is barred because Defendant engaged in conduct that constitutes a

27  lawful exercise of business judgment.

28

LEGAL_US_W # 57948748.2

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

2         29.    Plaintiff has failed to mitigate or make reasonable efforts to mitigate his

3    alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced

4    accordingly.

5    TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

6         30.    Plaintiff may not recover damages in this action because, under the

7    circumstances presented, that would constitute unjust enrichment.

8    TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9         31.    Defendant is entitled to a setoff of any monetary damages Plaintiff recovers

10   against Defendant herein. CAL. CIV. PROC. CODE § 431.70.

11   THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

12        32.    Plaintiff is not entitled to recover any punitive or exemplary damages and

13   any allegations with respect thereto should be stricken because:

14              (a)    Plaintiff has failed to plead facts sufficient to support allegations of

15   oppression, fraud and/or malice. CAL. CIV. CODE § 3294(a); and/or

16              (b)    Plaintiff has failed to plead facts sufficient to support allegations of

17   gross or reckless disregard for the rights of Plaintiff or that Defendant was motivated by evil

18   motive or intent; and/or

19              (c)    Neither Defendant, nor any managing agent of Defendant,

20   committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act,

21   or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly

22   committed such an act, or employed any such employee or employees with a conscious disregard

23   of the rights or safety of others. CAL. CIV. CODE § 3294(b).

24   THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

25        33.    Plaintiff is not entitled to recover any punitive damages, and any

26   allegations in support of a claim for punitive damages should be stricken, because California's

27   laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive

28   damages, and because any award of punitive damages in this action would violate Defendant's

-6-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the

2  United States Constitution, and the excessive fines and cruel and unusual punishment clauses of

3  the Eighth Amendment to the United States Constitution, as well as other provisions of the United

4  States Constitution and the California Constitution.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

6      34.    Plaintiff may not recover punitive damages because, at all times relevant to

7  the Complaint, Defendant had in place a policy to prevent discrimination and retaliation in the

8  workplace and made good-faith efforts to implement and enforce that policy.

9      WHEREFORE, Defendant prays for judgment as follows:

10     1.    That Plaintiff take nothing by reason of his Complaint, that the Complaint

11  be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

12     2.    That Defendant be awarded its reasonable costs and attorneys' fees; and

13     3.    That Defendant be awarded such other and further relief as the Court

14  deems just and proper.

15  DATED: January 15, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                    E. JEFFREY GRUBE
16                                  KERRI N. HARPER
                                    ANNA L. CHU
17

18                                  By: _____
19                                              ANNA L. CHU
20
                                    Attorneys for Defendant
21                                  UNITED PARCEL SERVICE, INC.

22

23

24

25

26

27

28

-7-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, state:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

On January 15, 2008, I served the foregoing document(s) described as:

### DEFENDANT UNITED PARCEL SERVICE, INC.'S
### ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Steven J. Mehlman, Esq.                 *Attorneys for Plaintiff*
Marc L. TerBeek, Esq.                   *Mark Harris*
Mehlman and TerBeek LLP
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
Telephone: (925) 935-3575
Facsimile: (925) 935-1789

☐ **VIA UPS OVERNIGHT MAIL:** By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☐ **VIA U.S. MAIL:** I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **VIA PERSONAL DELIVERY:** I personally caused to be delivered by Nationwide Legal such sealed envelope(s) by hand to the offices of the addressee(s) listed above on January 15, 2008.

☐ **VIA FACSIMILE:** The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to the facsimile numbers indicated above on January 15, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 15, 2008, at San Francisco, California.

*Laura M. Raabe*
Laura M. Raabe

LEGAL_US_W # 57870118.2

CASE NO. RG07353967                                      PROOF OF SERVICE

PAUL, HASTINGS, JANOFSKY ER LLP                    (415) 856-7000
E. JEFFREY GRUBE (SBN 167324)
KERRI N. HARPER (SBN 217377)
ANNA L. CHU (SBN 243378)
55 SECOND STREET
TWENTY-FOURTH FLOOR
SAN FRANCISCO, CA 94105-3441
**Attorney(s) for:** DEFENDANT, UNITED PARCEL SERVICE, INC.
Ref: 3010528

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA (SOUTHERN DIVISION – HAYWARD)

MARK HARRIS
vs. UNITED PARCEL SERVICE, INC., an Ohio Corporation, et al.

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT | CASE NUMBER: RG07353967 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:
DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

2. a. Party served:     STEVEN J. MEHLMAN, ESQ., MARC L. TERBEEK, ESQ., MEHLEN AND TERBECK LLP

   b. Witness served:   MARY BARAZODO ACCEPTED SERVICE FOR STEVEN J. MEHLMAN, ESQ., MARC L. TERBEEK, ESQ., MEHLEN AND TERBECK LLP

   c. Address:          2125 OAK GROVE ROAD, SUITE 125
                        WALNUT CREEK, CA 94598

3. I served the party named in item 2a. by personally delivering the copies to the person served as follows:

   (1) on:    01-15-08        (2) at:        4:15PM

4. I received this documents for service on *(date):*  JANUARY 15, 2008

5. Person serving:                              a. Fee for service $
LUDEK A. POLCAK
NATIONWIDE LEGAL, INC.
1255 POST STREET, SUITE #500
SAN FRANCISCO, CALIFORNIA 94109
(415) 351-0400

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 15, 2008

Rule 982(a)(23) Judicial Council of California

PROOF OF SERVICE

# EXHIBIT D

1 │ MATTHEW M. OLIVERI, ESQ. (SBN 230486)
2 │ MEHLMAN TERBEEK LLP
  │ 2125 Oak Grove Road, Suite 125
3 │ Walnut Creek, CA
  │ Phone: (925) 935-3575
4 │ Fax: (925) 935-1789
5 │ info@mehlman-terbeek.com

6 │ Attorneys for Plaintiff,
  │ MARK HARRIS
7 │

8 │          IN THE UNITED STATES DISTRICT COURT

9 │          NORTHERN DISTRICT OF CALIFORNIA

10 │          SAN FRANCISCO DIVISION

11 │ MARK HARRIS,                        )   Case No.: C08-00315-MMC
12 │                                     )   3:08-cv-00315-MMC
   │              Plaintiff,             )   STIPULATION AND ORDER TO STAY
13 │                                     )   CASE AND ALL APPLICABLE
   │        vs.                          )   DEADLINES AND STATUTES PENDING
14 │                                     )   FURTHER ORDER OF THE COURT
   │ UNITED PARCEL SERVICE, INC., an     )
15 │ Ohio Corporation; Tony Agenjo; Kimberly )
   │ Muniz; and DOES ONE THROUGH         )   Judge: HON. MAXINE CHESNEY
16 │ HUNDRED, inclusive,                 )
17 │                                     )
   │              Defendants.            )
18 │ ────────────────────────────────

19 │       PLAINTIFF MARK HARRIS ("PLAINTIFF"), by and through his Attorneys of

20 │ Record, MEHLMAN-TERBEEK LLP, and **DEFENDANT UNITED PARCEL SERVICE**

21 │ ("DEFENDANT UPS"), by and through its Attorney of Record, PAUL, HASTINGS,

22 │ JANOFSKY & WALKER, LLP, hereby stipulate and agree to the following items, and request

23 │ that the Court issue the following Orders:

24 │   1.  PLAINTIFF AND DEFENDANT UPS stipulate to and agree to the entry of an Order

25 │       staying any activity on the above-entitled case, including any motions, applicable

26 │       procedural deadlines, statutes of limitations, and discovery, pending a written decision by

27 │       the California Supreme Court in the case of *Jones v. The Lodge at Torrey Pines*,

28 │       California Supreme Court Case No. S151022.  This case will decide the issue of whether

                    STIPULATION AND ORDER TO STAY CASE - 1

1    an individual supervisor can be held personally liable under the California Fair

2    Employment and Housing Act for retaliation. The resolution of this issue will have a

3    direct impact on the subject matter jurisdiction of this Court over this case, since UPS

4    removed the case based on diversity jurisdiction.

5    2. Any Discovery currently outstanding, including any subpoenas or subpoenaed

6    documents, will be immediately withdrawn and stayed.

7    3. If the Attorneys for UNITED PARCEL SERVICE are also retained to represent the

8    individual defendants in this case, then this stipulation and order shall also apply to these

9    individual defendants as well.

10    4. Either party may petition the Court via motion to dismiss this stay should the California

11    Supreme Court not issue its written opinion within 90 days of this Stipulation and Order.

12    5. Faxed signatures of the Attorneys shall have the same legal force and effect as original

13    signatures.

14    6. This Stipulation and Order may be signed in counterparts.

15

16    Dated: 2-11-08

17    MATTHEW M. OLIVERI, ESQ. (SBN 230486)
      ATTORNEYS FOR PLAINTIFF

18

19    Dated: _____

20    JOHN POST, ESQ. (SBN 233236)
      ATTORNEYS FOR DEFENDANT UPS

21

22    **IT IS SO ORDERED**

23

24    Dated: _____

      UNITED STATES DISTRICT COURT JUDGE

25

26

27

28

STIPULATION AND ORDER TO STAY CASE - 2

1  an individual supervisor can be held personally liable under the California Fair
2  Employment and Housing Act for retaliation. The resolution of this issue will have a
3  direct impact on the subject matter jurisdiction of this Court over this case, since UPS
4  removed the case based on diversity jurisdiction.

5  2. Any Discovery currently outstanding, including any subpoenas or subpoenaed
6     documents, will be immediately withdrawn and stayed.

7  3. If the Attorneys for UNITED PARCEL SERVICE are also retained to represent the
8     individual defendants in this case, then this stipulation and order shall also apply to these
9     individual defendants as well.

10  4. Either party may petition the Court via motion to dismiss this stay should the California
11     Supreme Court not issue its written opinion within 90 days of this Stipulation and Order.

12  5. Faxed signatures of the Attorneys shall have the same legal force and effect as original
13     signatures.

14  6. This Stipulation and Order may be signed in counterparts.

15

16  Dated: _____          _____
17                                    MATTHEW M. OLIVERI, ESQ. (SBN 230486)
                                      ATTORNEYS FOR PLAINTIFF
18

19  Dated: 11 FEB 08                  _____
20                                    JOHN POST, ESQ. (SBN 233236)
                                      ATTORNEYS FOR DEFENDANT UPS
21

22                                    IT IS SO ORDERED

23

24  Dated: _____          _____
25                                    UNITED STATES DISTRICT COURT JUDGE

26

27

28

STIPULATION AND ORDER TO STAY CASE - 2

MEHLMAN ❖ TERBEEK LLP

Attorneys & Counselors At Law

2125 Oak Grove Road, Suite 125

Walnut Creek California 94598

Tel: (925) 935-3575

Fax: (925) 935-1789

e-mail: info@mehlman-terbeek.com

Steven J. Mehlman                                                    Marc L. Terbeek
Cynthia A. Hannon                                                      Jeffrey D. Kirk
Timothy A. Walker                                                    Matthew M. Oliveri
Leonard J. Flores, JD


February 12, 2008


HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Subject:    MARK HARRIS V. UNITED PARCEL SERVICE ET. AL.
            Case No. CV 08-00315-MMC/3:08-cv-00315-MMC
            Proposed Stipulation and Order to Stay Case

Dear HONORABLE MAXINE M. CHESNEY:

Enclosed for your review and signature is a proposed Stipulation and Order in the above-entitled case, MARK HARRIS V. UNITED PARCEL SERVICE ET. AL. I have taken the obligation to file the stipulation and order, and to apprise you of the reasons behind the Attorneys' agreements to stay any activity in the case for the short term.

Our office represents Plaintiff Mark Harris, a California resident. PAUL, HASTINGS, JANOFSKY, & WALKER LLP represent Defendant United Parcel Service ("UPS"), an Ohio Corporation. Two individual defendants, both California residents, were just served with the original Complaint filed in Alameda County Superior Court.

The case primarily involves alleged employment issues surrounding Mr. Harris' employment with UPS, and Mr. Harris plead only California causes of action in the Complaint. UPS removed the case to Federal Court based on diversity jurisdiction. Mr. Harris also sued the individual defendants for alleged retaliation under the California Fair Employment and Housing Act ("FEHA").

The California Supreme Court has just heard oral argument in the case of *Jones v. The Lodge at Torrey Pines*, California Supreme Court Case No. S151022. *Jones* will resolve the issue of whether an individual supervisor can be held liable for retaliation under the California Fair Employment and Housing Act ("FEHA"). Currently, the California Courts of Appeal have issued opinions on this issue, but not the Supreme Court.

1

The resolution of this issue by the California Supreme Court will directly affect the subject matter jurisdiction of the Federal Court. Rather than spend time conducting discovery or doing any other activity on the case now, in light of *Jones*, the Attorneys are proposing to stay any activity on the case, including filing motions for remand or other related items, until the written opinion on *Jones* is issued. We expect that the California Supreme Court will issue that decision by March 9, 2008.

We are respectfully requesting that you sign the enclosed Stipulation and Order so that activity on the case can be stayed until the *Jones* opinion is issued. Thank you in advance for your consideration, and if you need any additional information, please do not hesitate to contact our offices.

Best regards,

Matthew M. Oliveri, Esq.
MEHLMAN-TERBEEK LLP

Cc: E. Jeffrey Grube, Esq. and Kerri Harper at PAUL HASTINGS via facsimile at (415) 856-7100

2

MEHLMAN ❖ TERBEEK LLP

Attorneys & Counselors At Law
2125 Oak Grove Road, Suite 125
Walnut Creek California 94598
Tel: (925) 935-3575
Fax: (925) 935-1789
e-mail: info@mehlman-terbeek.com

Steven J. Mehlman
Cynthia A. Hannon
Timothy A. Walker
Leonard J. Flores, JD

Marc L. Terbeek
Jeffrey D. Kirk
Matthew M. Oliveri

February 12, 2008

HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Subject:    MARK HARRIS V. UNITED PARCEL SERVICE ET. AL.
            Case No. CV 08-00315-MMC/3:08-cv-00315-MMC
            Proposed Stipulation and Order to Stay Case

Dear HONORABLE MAXINE M. CHESNEY:

Enclosed for your review and signature is a proposed Stipulation and Order in the above-entitled case, MARK HARRIS V. UNITED PARCEL SERVICE ET. AL. I have taken the obligation to file the stipulation and order, and to apprise you of the reasons behind the Attorneys' agreements to stay any activity in the case for the short term.

Our office represents Plaintiff Mark Harris, a California resident. PAUL, HASTINGS, JANOFSKY, & WALKER LLP represent Defendant United Parcel Service ("UPS"), an Ohio Corporation. Two individual defendants, both California residents, were just served with the original Complaint filed in Alameda County Superior Court.

The case primarily involves alleged employment issues surrounding Mr. Harris' employment with UPS, and Mr. Harris plead only California causes of action in the Complaint. UPS removed the case to Federal Court based on diversity jurisdiction. Mr. Harris also sued the individual defendants for alleged retaliation under the California Fair Employment and Housing Act ("FEHA").

The California Supreme Court has just heard oral argument in the case of *Jones v. The Lodge at Torrey Pines*, California Supreme Court Case No. S151022. *Jones* will resolve the issue of whether an individual supervisor can be held liable for retaliation under the California Fair Employment and Housing Act ("FEHA"). Currently, the California Courts of Appeal have issued opinions on this issue, but not the Supreme Court.

1

The resolution of this issue by the California Supreme Court will directly affect the subject matter jurisdiction of the Federal Court. Rather than spend time conducting discovery or doing any other activity on the case now, in light of *Jones*, the Attorneys are proposing to stay any activity on the case, including filing motions for remand or other related items, until the written opinion on *Jones* is issued. We expect that the California Supreme Court will issue that decision by March 9, 2008.

We are respectfully requesting that you sign the enclosed Stipulation and Order so that activity on the case can be stayed until the *Jones* opinion is issued. Thank you in advance for your consideration, and if you need any additional information, please do not hesitate to contact our offices.

Best regards,

Matthew M. Oliveri, Esq.
MEHLMAN-TERBEEK LLP

Cc: E. Jeffrey Grube, Esq. and Kerri Harper at PAUL HASTINGS via facsimile at
(415) 856-7100

2

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK HARRIS,

        Plaintiff,

    v.

UNITED PARCEL SERVICE, INC., et al.,

        Defendants.

No. C-08-0315 MMC

**ORDER OF REMAND**

Before the Court is the stipulation, filed February 13, 2008 by plaintiff Mark Harris and defendant United Parcel Service, Inc. ("UPS"), to stay the above-titled action pending the California Supreme Court's resolution of the issue of whether an individual supervisor may be held personally liable to an employee, under the California Fair Employment and Housing Act ("FEHA"), for retaliation.

Removal jurisdiction in the instant case is based on diversity of citizenship; in particular, defendant UPS asserts that two of the named defendants, both of whom are supervisors and alleged to be citizens of the state of California, are fraudulently joined.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of diversity, [i]f the plaintiff fails to state a

1  cause of action against [such] defendant, and the failure is obvious according to the settled

2  rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)

3  (internal quotation and citation omitted).  The propriety of removal jurisdiction is determined

4  as of the time the complaint is filed and the time of removal.  See Strotek Corp. v. Air

5  Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).

6          Here, both at the time the complaint was filed and at the time of removal, there was

7  no settled rule precluding a finding, under FEHA, of personal liability against a supervisor

8  for retaliation.  Compare Jones v. Lodge at Torrey Pines P'ship, 147 Cal.App.4th 475, 504

9  (2007) (holding individual supervisor can be held liable for retaliation under FEHA), with

10  Reno v. Baird, 18 Cal.4th 640, 663 (1998) (holding "individuals who do not themselves

11  qualify as employers may not be sued under the FEHA for alleged discriminatory acts");

12  see Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1288 (9th

13  Cir. 2001) (holding individual supervisor may be held personally liable for retaliation under

14  FEHA).[1]  Indeed, the parties' stipulation, by its very nature, makes the point as well.

15          Subject matter jurisdiction is not subject to stipulation or waiver, see, e.g., Bender v.

16  Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (holding parties' stipulation can

17  not confer subject matter jurisdiction), and, "[i]f at any time before final judgment it appears

18  that the district court lacks subject matter jurisdiction, the case shall be remanded," see 28

19  U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (finding

20  § 1447(c) permits district court to remand sua sponte).

21          Accordingly, there being no dispute that the law is unsettled with respect to a

22  supervisor's liability for retaliation under FEHA, the Court finds the joinder of the non-

23  _____

24          [1] Contrary to UPS's assertion in its notice of removal, UPS has failed to show the
   allegations in the complaint are insufficient to state a claim against plaintiffs' supervisors for
25  retaliation under FEHA, let alone that plaintiff could not, if necessary, augment such
   allegations to state such a claim.  (See Compl. ¶¶ 10, 11 (alleging retaliation by
26  defendants, under FEHA, based on plaintiff's use of UPS's grievance procedures in
   connection with plaintiff's request for "disability" accommodation); id. ¶¶ 23, 24
27  (incorporating prior paragraphs by reference and alleging termination by "[d]efendants" in
   retaliation for "exercise of . . . lawful rights")); see also Cal. Code Civ. Proc. § 452
28  (providing allegations in complaint "must be liberally construed"); Fed. R. Civ. P. 8
   (requiring "short and plain statement" of claim).

1 | diverse defendants is not fraudulent and hereby REMANDS the above-titled action to the

2 | California Superior Court, for the County of Alameda, pursuant to 28 U.S.C. § 1447(c).

3 | **IT IS SO ORDERED.**

4 | Dated: February 22, 2008

MAXINE M. CHESNEY
United States District Judge

3

**Smith, Jeff**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Friday, February 22, 2008 5:49 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:08-cv-00315-MMC Harris v. United Parcel Service et al Order Dismissing Case |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 2/22/2008 5:49 PM PST and filed on 2/22/2008

**Case Name:**    Harris v. United Parcel Service et al
**Case Number:**    3:08-cv-315
**Filer:**
**WARNING: CASE CLOSED on 02/22/2008**
**Document Number:** 12

**Docket Text:**
**ORDER OF REMAND. Signed by Judge Maxine M. Chesney on February 22, 2008. (mmclc2, COURT STAFF) (Filed on 2/22/2008)**

**3:08-cv-315 Notice has been electronically mailed to:**

E. Jeffrey Grube , Esq    jeffgrube@paulhastings.com, patricialawson@paulhastings.com

Kerri N. Harper    kerriharper@paulhastings.com, jeffsmith@paulhastings.com

2/25/2008

Marc Lawrence TerBeek    info@mehlman-terbeek.com, karen@mehlman-terbeek.com, marc@mehlman-terbeek.com

**3:08-cv-315 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**G:\MMCLC2\DOCS\2007-08\A - PDFs\remand.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=2/22/2008] [FileNumber=4163714-0]

[4cfcccc8755983d9d5696d7a324ce3570edac494f0e492f2e54a267e73b7c53dbcb38
75a979484d597b20f2afa7e32668f458e9d2147747ec30ae785c002bff2]]

# EXHIBIT F

STEVEN J. MEHLMAN, ESQ. (SBN 95881)
MARC L. TERBEEK, ESQ. (SBN 166098)
MATTHEW M. OLIVERI, ESQ. (SBN 230486)
MEHLMAN-TERBEEK, LLP
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598-2534
Phone: 925-935-3575
Fax: 925-935-1789
info@mehlman-terbeek.com

Attorneys for Plaintiff,
MARK HARRIS

IN THE SUPERIOR COURT OF CALIFORNIA

ALAMEDA COUNTY

| | |
|---|---|
| MARK HARRIS, an individual, | ) Case No.: RG 07353967 |
| Plaintiff, | ) |
| vs. | ) PLAINTIFF'S FIRST AMENDED |
| | ) COMPLAINT AND DEMAND FOR JURY |
| | ) TRIAL |
| UNITED PARCEL SERVICES, a Delaware | ) |
| and Georgia corporation; TONY AGENO, | ) |
| an individual; KIMBERLY MUNIZ, an | ) |
| individual; and DOES 1 through 100, | ) |
| inclusive, | ) |
| Defendants. | ) |

COMES NOW THE PLAINTIFF MARK HARRIS, by and through his Attorneys of Record, MEHLMAN-TERBEEK LLP, and for his First Amended Complaint and Demand for Jury Trial, alleges the following:

## 1. INTRODUCTION AND BACKGROUND

1. PLAINTIFF MARK HARRIS ("PLAINTIFF") is an African American male adult over the age of 40 who resides in Alameda County, California.

2. PLAINTIFF believes and alleges that DEFENDANT UNITED PARCEL SERVICE ("UPS") is a corporation that is incorporated in Delaware, has its principal place of business in Georgia, and is licensed to transact, and is transacting, business in California.

FIRST AMENDED COMPLAINT AND JURY DEMAND — 1

3. PLAINTIFF believes and alleges that DEFENDANT TONY AGENO ("DEFENDANT AGENO") is an adult resident of California who is employed by UPS.

4. PLAINTIFF believes and alleges that DEFENDANT KIMBERLY MUNIZ ("DEFENDANT MUNIZ") is an adult resident of California who is employed by UPS.

5. PLAINTIFF is unaware at this time of the true names of the DOE DEFENDANTS and therefore sues them under these fictitious names. PLAINTIFF believes that said DOE DEFENDANTS are partially or wholly liable for her damages. Once PLAINTIFF ascertains the true identities of the DOE DEFENDANTS, PLAINTIFF will amend this Complaint accordingly.

6. PLAINTIFF believes and alleges that each DEFENDANT is an agent, employee or servant of the other DEFENDANTS, and in committing the acts alleged herein, each DEFENDANT committed said acts at the direction of, or in concert with, or with the authorization of, the other DEFENDANTS.

7. PLAINTIFF began working for UPS on March 3, 1986 and continued working for UPS until UPS discharged him on April 18, 2007.

8. At the time of his discharge, PLAINTIFF was a Driver for UPS. At the time of his initial hire, PLAINTIFF was a box loader.

9. PLAINTIFF believes and alleges that his employment at UPS would have continued indefinitely and uninterrupted if not for the alleged acts contained herein.

10. At the time of his discharge, PLAINTIFF was subject to a collective bargaining agreement between the TEAMSTERS UNION and UPS regarding PLAINTIFF'S employment.

11. In 1997, PLAINTIFF suffered an industrial injury and was temporarily out of work. His claim was processed through Worker's Compensation.

12. In 2004, PLAINTIFF became disabled due to sequellae, which was directly related to the 1997 injury PLAINTIFF had suffered resulting from this employment at UPS.

13. PLAINTIFF'S 2004 injuries also caused him to be temporarily unable to work. His claim was processed through Worker's Compensation.

14. Although PLAINTFF was disabled and injured, his doctor released him to perform modified work duties.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 2

PAGE 3/18 * RCVD AT 3/6/2008 12:21:58 PM [Pacific Standard Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:9259351789 * DURATION (mm-ss):05-22

15. PLAINTIFF sought modified work duties from UPS, but UPS refused to accommodate PLAINTIFF'S restricted work request.

16. At the time PLAINTIFF requested reasonable accommodations for his disability, UPS had other positions available to PLAINTIFF, and UPS had the means to reasonably accommodate PLAINTIFF, but UPS chose not to accommodate PLAINTIFF.

17. On December 7, 2005, DEFENDANTS AGENO and MUNIZ sought to terminate PLAINTIFF'S employment by convincing UPS to terminate PLAINTIFF.

18. PLAINTIFF then began an employee-employer grievance process and formerly sought, again, a reasonable accommodation for his disability.

19. On April 11, 2006, UPS, through DEFENDANTS AGENO and MUNIZ, terminated PLAINTIFF before to PLAINTIFF exhausting the UPS grievance procedures.

20. On July 5, 2006, UPS reversed its decision and reinstated PLAINTIFF.

21. On July 6, 2006, PLAINTIFF reported to work but was denied the opportunity to begin working. DEFENDANTS AGENO and MUNIZ would not allow PLAINTIFF to begin working.

22. Concurrently with its July 5 reversal, DEFENDANT MUNIZ had sent a letter terminating PLAINTIFF AGAIN!

23. UPS notified PLAINTIFF that it would hold another hearing regarding PLAINTIFF'S termination, scheduled for April 20, 2007.

24. However, on April 18, 2007, UPS cancelled the hearing and terminated PLAINTIFF AGAIN!!

25. PLAINTIFF decided to file a Complaint with the Department of Fair Employment and Housing.

26. PLAINTIFF received his "Right to Sue" Letter.

27. UPS claimed ANOTHER hearing was set for October 1, 2007, but that hearing did not take place.

28. PLAINTIFF has pursued and exhausted his internal remedies at UPS and his administrative remedies under California law.

29. PLAINTIFF tried for 2 years to resolve these issues without Court intervention, to no avail.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 3

30. PLAINTIFF believes that all DEFENDANTS acted in bad faith and with the intent to delay, stall and mislead PLAINTIFF regarding his legal rights and remedies.

31. DEFENDANT AGENO was PLAINTIFF'S supervisor at the time UPS terminated PLAINTIFF'S employment.

32. DEFENDANT MUNIZ was PLAINTIFF'S human resources contact at the time UPS terminated PLAINTIFF'S employment.

33. NO DEFENDANTS or third persons ever informed PLAINTIFF that his employment performance at UPS was anything but exemplary.

34. To PLAINTIFF'S knowledge, no third persons ever complained about her employment performance.

35. PLAINTIFF believes and alleges that UPS's entire grievance procedures are a sham, and any further pursuit of these procedures, even if still available to PLAINTIFF, would be futile and not resolve the issues between these Parties.

36. PLAINTIFF has timely exhausted all pre-litigation remedies available to him.

## FIRST CAUSE OF ACTION:

## WRONGFUL TERMINATION IN VIOLATION OF FEHA, AGAINST UPS

37. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

38. California Government Code Section 12900 *et. seq.* is known as "The California Fair Employment and Housing Act" (hereafter, "FEHA").

39. UPS satisfies the definitions of "Person" and "Employer" under FEHA.

40. PLAINTIFF satisfies the definition of "Employee" under FEHA.

41. FEHA makes it unlawful for any Employer or Person to discharge an Employee based on that Employee's qualification in a "protected class" of persons.

42. FEHA makes it unlawful for any Employer or Person to discharge an Employee based upon that Employee's age (if over 40), sex or race.

43. FEHA makes it unlawful for any Employer or Person to refuse to hire any Person based on that Person's age (if over 40), sex or race.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 4

PAGE 5/18 * RCVD AT 3/6/2008 12:21:58 PM [Pacific Standard Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:9259351789 * DURATION (mm-ss):05-22

44. PLAINTIF is an "African American" male over the age of 40, with a successful employment record at UPS.

45. At the time of his termination, PLAINTIFF was a member of the specifically enumerated classes of age (over 40), sex and race that FEHA was enacted to protect.

46. UPS knew that PLAINTIFF was a member of these protected racial, sexual and age classes that FEHA was enacted to protect.

47. UPS wrongfully terminated PLAINTIFF based upon his membership in FEHA'S protected classes.

48. PLAINTIFF suffered an adverse employment action due to UPS'S unlawful discharge of PLAINTIFF.

49. PLAINTIFF is not aware of any legitimate business purpose that UPS had to terminate PLAINTIFF.

50. UPS'S wrongful termination of the PLAINTIFF is the legal and proximate cause of PLAINTIFF'S damages.

51. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

52. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION:
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, AGAINST UPS

53. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

54. The California Constitution and laws provide PLAINTIFF with protections based on his race and disability.

55. California Law prohibits an Employer from discharging an Employee while that Employee is disabled.

56. California Law prohibits an Employer from discharging an Employee when that Employee pursues administrative remedies that have been enacted and required by the Employer.

57. UPS had an obligation to reasonably accommodate PLAINTIFF'S disability.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 5

1   58. UPS had an obligation not to terminate PLAINTIFF based on his race.

2   59. UPS refused to accommodate PLAINTIFF after he requested disability accommodation.

3   60. PLAINTIFF orally and in writing requested reasonable accommodations.

4   61. PLAINTIFF began pursuing his administrative remedies through the UPS procedures.

5   62. UPS then wrongfully terminated PLAINTIFF while the grievance procedures were

6      pending.

7   63. UPS did not discharge PLAINTIFF until PLAINTIFF became disabled and sought

8      reasonable accommodation.

9   64. UPS did not discharge PLAINTIFF until PLAINTIFF began utilizing the grievance

10     procedures.

11   65. UPS knew, or should have known, that PLAINTIFF'S oral and written requests for

12     accommodations, and his pursuit of the grievance procedures, are "protected activities"

13     under California law.

14   66. UPS'S wrongful termination of PLAINTIFF caused PLAINTIFF to suffer an adverse

15     employment action.

16   67. UPS'S wrongful termination of PLAINTIFF violated California law and public policy.

17   68. UPS'S wrongful termination of PLAINTIFF is the legal and proximate cause of

18     PLAINTIFF'S damages.

19   69. UPS'S wrongful termination of PLAINTIFF allows PLAINTIFF to recover general, special

20     and punitive damages against UPS, including Attorneys' Fees and Costs.

21   70. PLAINTIFF has suffered damages in amounts to be proven at trial.

22

23                **THIRD CAUSE OF ACTION:**

24   **RACIAL DISCRIMINATION IN VIOLATION OF FEHA, AGAINST UPS**

25   71. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

26   72. FEHA makes it unlawful for any Employer or Person to discharge an Employee based

27     upon that Employee's race.

28   73. PLAINTIF is an "African American" male over the age of 40, with a successful

     employment record at UPS.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 6

PAGE 7/18 * RCVD AT 3/6/2008 12:21:58 PM [Pacific Standard Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:9259351789 * DURATION (mm-ss):05-22

74. UPS knew that PLAINTIFF is a member of this protected racial class that FEHA was enacted to protect.

75. UPS wrongfully terminated PLAINTIFF based upon his membership in FEHA'S protected class.

76. PLAINTIFF suffered an adverse employment action due to UPS'S unlawful discharge of PLAINTIFF.

77. PLAINTIFF is not aware of any legitimate business purpose that UPS had to terminate PLAINTIFF.

78. UPS'S wrongful termination of the PLAINTIFF is the legal and proximate cause of PLAINTIFF'S damages.

79. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

80. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION:

## AGE DISCRMINATION IN VIOLATION OF FEHA, AGAINST UPS

81. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

82. FEHA makes it unlawful for any Employer or Person to discharge an Employee based upon that Employee's age, if over 40.

83. PLAINTIF is an "African American" male who was over the age of 40 at the time of his termination, with a successful employment record at UPS.

84. UPS knew that PLAINTIFF was a member of this protected age class that FEHA was enacted to protect.

85. UPS wrongfully terminated PLAINTIFF based upon his membership in FEHA'S protected class.

86. PLAINTIFF suffered an adverse employment action due to UPS'S unlawful discharge of PLAINTIFF.

87. PLAINTIFF is not aware of any legitimate business purpose that UPS had to terminate PLAINTIFF.

PAGE 8/18 * RCVD AT 3/6/2008 12:21:58 PM [Pacific Standard Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:9259351789 * DURATION (mm-ss):05-22

1.  88. UPS'S wrongful termination of the PLAINTIFF is the legal and proximate cause of
2.       PLAINTIFF'S damages.
3.  89. PLAINTIFF is entitled to recover general, special and punitive damages against UPS,
4.       including Attorneys' Fees and Costs.
5.  90. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.
6.
7.                         **FIFTH CAUSE OF ACTION:**
8.  **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA, AGAINST UPS**
9.  91. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.
10. 92. FEHA makes it unlawful for any Employer or Person to discharge an Employee based
11.       upon that Employee's disability.
12. 93. PLAINTIF is an "African American" male over the age of 40 who was disabled at the time
13.       of his termination by UPS.
14. 94. UPS knew, or should have known, that PLAINTIFF is a member of this protected class that
15.       FEHA was enacted to protect.
16. 95. UPS refused to reasonably accommodate PLAINTIFF for his disability, after PLAINTIFF
17.       requested reasonable accommodations.
18. 96. UPS wrongfully terminated PLAINTIFF based upon his disability and membership in
19.       FEHA'S protected class.
20. 97. PLAINTIFF suffered an adverse employment action due to UPS'S unlawful discharge of
21.       PLAINTIFF.
22. 98. PLAINTIFF is not aware of any legitimate business purpose that UPS had to terminate
23.       PLAINTIFF.
24. 99. UPS'S wrongful termination of the PLAINTIFF is the legal and proximate cause of
25.       PLAINTIFF'S damages.
26. 100. PLAINTIFF is entitled to recover general, special and punitive damages against UPS,
27.       including Attorneys' Fees and Costs.
28.       PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial

## SIXTH CAUSE OF ACTION:

## RETALIATION IN VIOLATION OF FEHA, AGAINST UPS

101. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

102. FEHA prohibits an Employer from retaliating against an Employee when the Employee is engaged in a "protected activity."

103. An Employee has a recognized right to seek disability accommodations, and to pursue internal grievance procedures, without suffering an adverse employment action.

104. PLAINTIFF was engaged in a "protected activity" when he formally sought disability accommodations and pursued internal grievance procedures.

105. UPS knew, or should have known, that PLAINTIFF was engaged in a protected activity.

106. UPS retaliated against PLAINTIFF when UPS terminated PLAINTIFF for PLAINTIFF'S participation in a protected activity.

107. UPS'S retaliation against PLAINTIFF was an "adverse employment action" against PLAINTIFF.

108. UPS'S retaliation against PLAINTIFF is the legal and proximate cause of PLAINTIFF'S damages.

109. UPS'S wrongful retaliation against PLAINTIFF allows PLAINTIFF to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

110. PLAINTIFF has suffered damages in amounts to be proven at trial.

## SEVENTH CAUSE OF ACTION:

## BREACH OF CONTRACT, AGAINST UPS

111. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

112. PLAINTIFF and UPS had an Employer-Employee relationship at the time of PLAINTIFF'S termination that spanned 20 years.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 9

PAGE 10/18 * RCVD AT 3/6/2008 12:21:58 PM [Pacific Standard Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:9259351789 * DURATION (mm-ss):05-22

113. PLAINTIFF had a reasonable and legitimate expectation that his employment relationship with UPS would extend into the foreseeable future, possibly another 20 years, with no legitimate interruptions or end in sight.

114. PLAINTIFF had a successful employment relationship with UPS until UPS terminated PLAINTIFF.

115. UPS'S termination of PLAINTIFF is a breach of their employment relationship.

116. UPS'S breach has caused PLAINTIFF foreseeable damages.

117. PLAINTIFF has mitigated his damages to the best of his abilities.

118. UPS'S breach is the legal and proximate cause of PLAINTIFF'S damages.

119. PLAINTIFF is entitled to recover general and special damages against UPS, including Attorneys' Fees and Costs.

120. PLAINTIFF has suffered damages in amounts to be proven at trial.

## EIGHTH CAUSE OF ACTION:

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AGAINST UPS

121. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

122. UPS had a legal obligation to use good faith and fair dealing with PLAINTIFF.

123. PLAINTIFF reasonably expected to enjoy the benefits of their 20-year Employer-Employee relationship.

124. UPS'S termination of PLAINTIFF deprived him of his benefits, including retirement and pension benefits.

125. UPS'S termination if a breach of the implied covenant of good faith and fair dealing.

126. PLAINTIFF is entitled to recover general and special damages against UPS, including Attorneys' Fees and Costs.

127. PLAINTIFF has suffered damages in amounts to be proven at trial.

## NINTH CAUSE OF ACTION:

FIRST AMENDED COMPLAINT AND JURY DEMAND - 10

## UNLAWFUL BUSINESS PRACTICES, AGAINST UPS

128. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

129. California Business and Professions Code §§ 17000 et. seq. is commonly referred to as the "Unfair Practices Act" (hereafter, "UPA")

130. UPS is a "Person" as defined in the UPA.

131. PLAINTIFF is an "African American" male over the age of 40, who can maintain a private right of action under the UPA, as stated in §17070.

132. UPS'S conduct when terminating PLAINTIFF'S employment is a violation of the UPA.

133. UPS knew, or should have known, that is conduct against PLAINTIFF was a violation of the UPA.

134. PLAINTIFF is not aware of any legitimate business purpose that UPS had when acting with the conduct that UPS used against PLAINTIFF.

135. UPS'S violation of the UPA is the legal and proximate cause of PLAINTIFF'S damages.

136. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

137. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## TENTH CAUSE OF ACTION:
## INDUCING BREACH OF CONTRACT, AGAINST DEFENDANTS AGENO AND MUNIZ

138. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

139. PLAINTIFF and UPS had a valid employment contract spanning 20 years.

140. DEFENDANTS AGENO AND MUNIZ knew of the employment contract between PLAINTIFF and UPS.

141. DEFENDANT AGENO was PLAINTIFF'S supervisor at UPS.

142. DEFENDANT MUNIZ was PLAINTIFF'S human resources contact.

143. DEFENDANT AGENO was in a position to interfere with PLAINTIFF'S employment and employment contract with UPS.

144. DEFENDANT AGENO then interfered with said employment contract by inducing UPS to terminate PLAINTIFF'S employment at UPS.

145. DEFENDANT AGENO told PLAINTIFF to violate UPS'S policies and procedures so that UPS would terminate PLAINTIFF'S employment and employment contract.

146. DEFENDANTS AGENO AND MUNIZ told PLAINTIFF to pursue internal remedies and grievance procedures.

147. DEFENDANTS AGENO AND MUNIZ then told UPS that PLAINTIFF was violating UPS'S polices and procedures.

148. UPS then terminated PLAINTIFF'S employment and employment contract.

149. DEFENDANTS AGENO'S AND MUNIZ'S conduct of inducing UPS to terminate PLAINTIFF'S employment and employment contract was illegal.

150. DEFENDANTS AGENO AND MUNIZ knew, or should have known, that their conduct would actually induce UPS to terminate PLAINTIFF'S employment and employment contract.

151. PLAINTIFF is not aware of any legitimate business purpose that DEFENDANTS AGENO AND MUNIZ had when acting with the conduct that caused UPS to terminate PLAINTIFF.

152. DEFENDANTS AGENO'S AND MUNIZ'S conduct is the legal and proximate cause of PLAINTIFF'S damages.

153. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

154. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## ELEVENTH CAUSE OF ACTION:

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, AGAINST DEFENDANTS AGENO AND MUNIZ

FIRST AMENDED COMPLAINT AND JURY DEMAND - 12

155. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

156. PLAINTIFF and UPS had an economic relationship that had existed for 20 years, with no foreseeable end in sight.

157. DEFENDANTS AGENO AND MUNIZ knew, or should have known, of this economic relationship.

158. DEFENDANTS AGENO AND MUNIZ intentionally caused UPS to sever this relationship and terminate PLAINTIFF.

159. UPS then terminated PLAINTIFF.

160. PLAINTIFF has suffered economic harm, especially to his retirement and pension benefits that once existed through UPS.

161. DEFENDANTS AGENO'S AND MUNIZ'S conduct when interfering with PLAINTIFF'S and UPS'S economic relationship was not justified and had no legitimate purpose.

162. PLAINTIFF is not aware of any legitimate business purpose that UPS had when acting with the conduct that UPS used against PLAINTIFF.

163. DEFENDANTS AGENO'S AND MUNIZ'S conduct is the legal and proximate cause of PLAINTIFF'S damages.

164. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

165. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## TWELFTH CAUSE OF ACTION:
## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE,
## AGAINST DEFENDANTS AGENO AND MUNIZ

166. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

167. DEFENDANTS AGENO AND MUNIZ owed a duty of care to PLAINTIFF not to interfere with his economic relationship with UPS.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 13

168. DEFENDATNS AGENO AND MUNIZ then breached that duty by influencing UPS to terminate PLAINTIFF.

169. DEFENDANTS AGENO AND MUNIZ knew, or should have known, that their conduct would cause UPS to terminate PLAINTIFF and interfere with the economic relationship that existed between PLAINTIFF and UPS.

170. PLAINTIFF is not aware of any legitimate business purpose that DEFENDANTS AGENO AND MUNIZ had when acting with the conduct that caused UPS to terminate PLAINTIFF.

171. DEFENDANTS AGENO'S AND MUNIZ'S conduct is the legal and proximate cause of PLAINTIFF'S damages.

172. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

173. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## THIRTEENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

174. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

175. UPS, through DEFENDANTS AGENO AND MUNIZ: fired PLAINTIFF, then reinstated PLAINTIFF, then fired PLAINTIFF again, then reinstated PLAINTIF again, then fired PLAINTIFF again, then re-scheduled grievance hearings again, all while PLAINTIFF was disabled and seeking reasonable accommodations for his disability.

176. UPS'S continuous "flip-flopping, lying, delaying, stalling, firing, reinstating, firing, reinstating, firing, scheduling another hearing" was outrageous conduct, with no decency, designed to inflict emotional distress on PLAINTIFF.

177. PLAINTIFF has suffered severe emotional distress that no reasonable person could endure, at the hands of UPS.

178. UPS'S conduct was intentional, or reckless, and was aimed directly at PLAINTIFF.

179. PLAINTIFF did not consent in said illegal conduct.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 14

1    180. PLAINTIFF is not aware of any legitimate business purpose that UPS had when acting

2         with the conduct that UPS used against PLAINTIFF.

3    181. PLAINTIFF is not aware of any privilege UPS had when using said conduct against

4         PLAINTIFF.

5    182. UPS'S conduct is the legal and proximate cause of PLAINTIFF'S damages.

6    183. PLAINTIFF is entitled to recover general, special and punitive damages against UPS,

7         including Attorneys' Fees and Costs.

8    184. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

9

10                       FOURTEENTH CAUSE OF ACTION:

11        DEFAMATION AGAINST DEFENDANTS AGENO AND MUNIZ

12   185. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead

13        herein.

14   186. DEFENDANTS AGENO AND MUNIZ made numerous slanderous statements about

15        PLAINTIFF to numerous persons at UPS, including persons at UPS with authority to

16        terminate PLAINTIFF'S employment.

17   187. DEFENDANTS AGENO AND MUNIZ intended their slanderous statements to

18        humiliate, embarrass, ridicule, demean, degrade, and otherwise cause emotional distress to

19        PLAINTIFF.

20   188. PLAINTIFF is an "African American" male over the age of 40 who was suffering from a

21        disability at the time that DEFENDANTS AGENO AND MUNIZ made their slanderous

22        statements.

23   189. DEFENDANTS AGENO'S AND MUNIZ'S statements about PLAINTIFF were false

24        and unprivileged.

25   190. DEFENDANTS AGENO AND MUNIZ acted with malice and ill will when they

26        slandered PLAINTIFF.

27   191. DEFENDANTS AGENO AND MUNIZ knew, or should have known, that their conduct

28        against PLAINTIFF was defamatory.

192. PLAINTIFF is not aware of any legitimate business purpose that DEFENDANTS AGENO AND MUNIZ had when acting with their conduct against PLAINTIFF.

193. UPS then terminated PLAINTIFF.

194. DEFENDANTS AGENO'S AND MUNIZ'S defamatory conduct appears to be slander per se, as it related directly to PLAINTIFF'S employment.

195. DEFENDANTS AGENO'S AND MUNIZ'S defamatory conduct is the legal and proximate cause of PLAINTIFF'S damages.

196. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

197. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

WHEREFORE, PLAINTIFF respectfully prays for the following relief:

A. Judgment be entered against all DEFENDANTS;

B. General damages, in amounts proven at trial;

C. Special damages, in amounts proven at trial;

D. Punitive damages, in amounts proven at trial;

E. Pre-Judgment interest at the legal rate;

F. Attorneys' Fees and Costs; and

G. Any other relief the Court deems just, legal and equitable.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury of all causes of action.

Dated: 3-4-08

MARK HARRIS, PLAINTIFF

Dated: 3-4-08

MATTHEW M. OLIVERI, ESQ.
MEHLMAN-TERBEEK LLP\
ATTORNEYS FOR PLAINTIFF

FIRST AMENDED COMPLAINT AND JURY DEMAND - 16

192. PLAINTIFF is not aware of any legitimate business purpose that DEFENDANTS
     AGENO AND MUNIZ had when acting with their conduct against PLAINTIFF.

193. UPS then terminated PLAINTIFF.

194. DEFENDANTS AGENO'S AND MUNIZ'S defamatory conduct appears to be slander
     per se, as it related directly to PLAINTIFF'S employment.

195. DEFENDANTS AGENO'S AND MUNIZ'S defamatory conduct is the legal and
     proximate cause of PLAINTIFF'S damages.

196. PLAINTIFF is entitled to recover general, special and punitive damages against UPS,
     including Attorneys' Fees and Costs.

197. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

WHEREFORE, PLAINTIFF respectfully prays for the following relief:

A. Judgment be entered against all DEFENDANTS;

B. General damages, in amounts proven at trial;

C. Special damages, in amounts proven at trial;

D. Punitive damages, in amounts proven at trial;

E. Pre-Judgment interest at the legal rate;

F. Attorneys' Fees and Costs; and

G. Any other relief the Court deems just, legal and equitable.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury of all causes of action.

Dated: 3-4-08

MARK HARRIS, PLAINTIFF

Dated: 3-4-08

MATTHEW M. OLIVERI, ESQ.
MEHLMAN-TERBEEK LLP\
ATTORNEYS FOR PLAINTIFF

FIRST AMENDED COMPLAINT AND JURY DEMAND - 16

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the action, and am employed at

MEHLMAN-TERBEEK, LLP as an Associate Attorney.  My business address is 2125 Oak

Grove Road, Suite 125, Walnut Creek, CA 94598.

On **MARCH 6, 2008**, I served Plaintiff's First Amended Complaint on Defendants Tony

Ageno and Kimberly Muniz, via agreement with opposing counsel, on the following:

<div align="center">

**KERRI HARPER, ESQ.**
**PAUL HASTINGS**
**55 Second Street, 24th Floor**
**San Francisco, CA 94105**
**Phone: (415) 856-7070; Fax: (415) 856-7100**

</div>

via Facsimile to 415-856-7100, and via US Mail, postage prepaid.  I am readily familiar with our

firms' business practices and for the collection and processing of correspondence by facsimile

and mail.

I declare under penalty of perjury under the laws of the State of California that the above

is true and correct.

Dated: March 6, 2008

MATTHEW M. OLIVERI, ESQ.

# EXHIBIT G

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br> Kerri N. Harper (SBN 217377)/Anna L. Chu (SBN 243378)<br> PAUL, HASTINGS, JANOFSKY & WALKER LLP<br> 55 Second Street, Suite 2400<br> San Francisco, CA 94105<br>   TELEPHONE NO.: (415) 856-7000   FAX NO. *(Optional):* (415) 856-7100<br>   E-MAIL ADDRESS *(Optional):* kerriharper@paulhastings.com<br>   ATTORNEY FOR *(Name):* Defendants | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 0 7 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By ORPHA CHAGOLLA<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Division

PLAINTIFF/PETITIONER: MARK HARRIS

DEFENDANT/RESPONDENT: UNITED PARCEL SERVICE, INC., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☒ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | RG07353967 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 13, 2007   Time: 9:00 a.m.   Dept.: 520   Div.:   Room:
Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☒ This statement is submitted jointly by parties *(names):* United Parcel Services, Inc. ("UPS"), Tony Agenjo, and Kimberly Muniz
2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*
3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*
4. **Description of case**
   a. Type of case in ☒ complaint   ☐ cross-complaint   *(describe, including causes of action):*
      Plaintiff alleges causes of action for: (1) wrongful termination in violation of FEHA against UPS; (2) wrongful termination in violation of public policy against UPS; (3) racial discrimination in violation of FEHA against UPS; (4) age discrimination in violation of FEHA against UPS; (5) disability discrimination in violation of FEHA against UPS; (6) retaliation in violation of FEHA against UPS; (7) breach of contract against UPS; (8) breach of implied covenant of good faith and fair dealing against UPS; (9) unlawful business practices against UPS; (10) inducing breach of contract against Agenjo and Muniz; (11) intentional interference with prospective economic advantage against Agenjo and Muniz; (12) negligent interference with prospective economic advantage against Agenjo and Muniz; (13) intentional infliction of emotional distress against UPS; and (14) defamation as against Agenjo and Muniz.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]<br>58354365   **CASE MANAGEMENT STATEMENT**   Cal. Rules of Court, rules 3.720-3.730<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: MARK HARRIS | CASE NUMBER: |
|---|---|
| DEFENDANTS/RESPONDENTS: UNITED PARCEL SERVICE, INC., TONY AGENJO, and KIMBERLY MUNIZ | RG07353967 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    Plaintiff alleges that UPS discriminated against him on the basis of his age and disability by terminating his employment after he had been on a leave of absence. Plaintiff further contends that his termination constituted a breach of contract. Plaintiff further contends that by allegedly inducing the breach, Agenjo and Muniz interfered with his economic relationship with UPS. Plaintiff further contends that Agenjo and Muniz defamed him.

    UPS, Muniz and Agenjo deny that they engaged in any wrongful or unlawful conduct. They further deny that they or anyone acting or their behalves harmed Plaintiff or caused him to suffer any damages.

    ☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request   ☐   a jury trial   ☐   a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.   ☐   The trial has been set for *(date):*
    b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.   ☒   days *(specify number):* 5-7 days
    b.   ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☒   by the following:
    a.   Attorney:   E. Jeffrey Grube, Esq.
    b.   Firm:   Paul, Hastings, Janofsky & Walker LLP
    c.   Address:   55 2nd Street, 24th Floor, San Francisco, CA 94105
    d.   Telephone number: (415) 856-7000
    e.   Fax number:   (415) 856-7100
    f.   E-mail address:   jeffgrube@paulhastings.com
    g.   Party represented:   Defendants UPS, Tony Agenjo, and Kimberly Muniz
    ☒   Additional representation is described in Attachment 8.

9.  **Preference**
    ☐   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.   Counsel   ☒   has   ☐   has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.   ☐   The case has gone to an ADR process *(indicate status):*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: MARK HARRIS | CASE NUMBER: RG07353967 |
|---|---|
| DEFENDANTS/RESPONDENTS: UNITED PARCEL SERVICE, INC., TONY AGENJO, and KIMBERLY MUNIZ | |

10. d.  The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☒ Other *(specify):* As the parties have not conducted any discovery yet, it is too early to assess whether any form of ADR is appropriate.

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):* Pursuant to CRC 3.811(b)(8), this case is exempt from mandatory judicial arbitration because Plaintiff seeks damages in excess of $50,000.

11. **Settlement conference**
  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy ☒ Other *(specify):* After assessing whether the individual defendants properly are in this case, UPS may remove the case to federal court.
Status: Defendants are investigating whether Plaintiff has stated a valid claim against Defendants Agenjo and Muniz.

14. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
  ☐ Additional cases are described in Attachment 14a
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
  ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):* UPS will move to bifurcate to punitive phase of the trial.

16. **Other motions**
  ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* UPS will file motions appropriate to assess whether the individual defendants properly are in this case. UPS also anticipates that it will file a motion for summary judgment.

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARK HARRIS | CASE NUMBER: |
| DEFENDANST/RESPONDENTS: UNITED PARCEL SERVICE, INC., TONY AGENJO, and KIMBERLY MUNIZ | RG07353967 |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Plaintiff's Deposition | April 2008 |
| Defendants | Receipt of documents responsive to UPS's document demand from Plaintiff | April 2008 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*: UPS will not oppose Plaintiff's anticipated motion for leave to file an amended complaint.

21. **Case management orders**
   Previous case management orders in this case are *(check one)*:    ☒    none    ☐    attached as Attachment 21.

22. Total number of pages attached *(if any)*:    1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

Anna Chu (SBN 217377)
_____
(TYPE OR PRINT NAME)                                   ▶ _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                                   ▶ _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY)

                                                       ☐ Additional signatures are attached

| | | |
|---|---|---|
| CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Page 4 of 4 |
| 58354365 | | American LegalNet, Inc. www.FormsWorkflow.com |

Case Name: *Harris v. United Parcel Service, Inc., et al.*          Case No.: RG 07-353967

### ATTACHMENT 8 TO DEFENDANTS UNITED PARCEL SERVICE, INC., TONY AGENJO, AND KIMBERLY MUNIZ'S CASE MANAGEMENT STATEMENT CASE MANAGEMENT CONFERENCE: MARCH 13, 2008

8. Additional representation for Defendants United Parcel Service, Inc., Tony Agenjo, and Kimberly Muniz:

| | |
|---|---|
| Attorney: | Kerri N. Harper, Esq. |
| Firm: | Paul, Hastings, Janofsky & Walker LLP |
| Address: | 55 2nd Street, 24th Floor, San Francisco, CA 94105 |
| Telephone Number: | (415) 856-7000 |
| Fax Number: | (415) 856-7100 |
| E-mail address: | kerriharper@paulhastings.com |

| | |
|---|---|
| Attorney: | Anna L. Chu, Esq. |
| Firm: | Paul, Hastings, Janofsky & Walker LLP |
| Address: | 55 2nd Street, 24th Floor, San Francisco, CA 94105 |
| Telephone Number: | (415) 856-7000 |
| Fax Number: | (415) 856-7100 |
| E-mail address: | annachu@paulhastings.com |

1

**PROOF OF SERVICE**

2

I, the undersigned, state:

3

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

4

5

On March 7, 2008, I served the foregoing document(s) described as:

6

**DEFENDANTS' CASE MANAGEMENT STATEMENT**

7

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

8

9

Matthew M. Oliveri, Esq.                             *Attorneys for Plaintiff*
Marc L. TerBeek, Esq.                                *Mark Harris*
Mehlman TerBeek LLP
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
Telephone: (925) 935-3575
Facsimile: (925) 935-1789

10

11

12

13

☐     **VIA UPS OVERNIGHT MAIL:** By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

14

15

☒     **VIA U.S. MAIL:** I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

18

☐     **VIA PERSONAL DELIVERY:** I personally caused to be delivered by Nationwide Legal such sealed envelope(s) by hand to the offices of the addressee(s) listed above.

19

☐     **VIA FACSIMILE:** The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to the facsimile numbers indicated above on March 7, 2008.

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed on March 7, 2008, at San Francisco, California.

24

25

*Laura M. Raabe*
_____
LAURA RAABE

26

27

28

LEGAL_US_W # 58338143.1

CASE NO. RG07353967                                                         PROOF OF SERVICE