1  E. JEFFREY GRUBE (SB# 167324)
   jeffgrube@paulhastings.com
2  KERRI N. HARPER (SB# 217377)
   kerriharper@paulhastings.com
3  ANNA L. CHU (SB# 243378)
   annachu@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
5  Twenty-Fourth Floor
   San Francisco, CA 94105-3441
6  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
7
   Attorneys for Defendant
8  UNITED PARCEL SERVICE, INC.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13 | MARK HARRIS;                           | CASE NO. C-08-01810 JSW
14 |                 Plaintiff,             | **DEFENDANT UNITED PARCEL SERVICE, INC.'S CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**
15 |        vs.                             |
16 | UNITED PARCEL SERVICE, INC.; an        |
   | Ohio Corporation; and DOES ONE         | Date:      August 8, 2008
17 | THROUGH HUNDRED, inclusive,            | Time:      1:30 p.m.
18 |                 Defendants.            | Courtroom: 2, 17th Floor

---

Defendant United Parcel Service, Inc. ("UPS") submits this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. UPS' attempts to submit a joint statement are set forth in the concurrently filed Declaration of Anna Chu In Support Of Case Management Conference Statement ("Chu Dec.").

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) and (b). No issues exist regarding personal jurisdiction or venue. All parties have been served.

## II. FACTUAL SUMMARY[1]

Mark Harris worked for Defendant United Parcel Service, Inc. ("UPS") as a package car driver in Oakland, California. On November 15, 2005, UPS terminated Plaintiff's employment for job abandonment after Plaintiff failed to report for work for eleven months. UPS also issued discharge letters to Plaintiff in April 2006, July 2006 and April 2007 for being off work in excess of the period of time permitted by the collective bargaining agreement ("CBA") that governed the terms of Plaintiff's employment.

Harris alleges that UPS discriminated against him on the basis of his age, race, and disability by discharging him. He also claims that UPS failed to accommodate his disability, retaliated against him by discharging him for engaging in protected activities, breached the CBA between UPS and the Teamsters Union, and engaged in unfair competition by discharging Plaintiff. Plaintiff further alleges that he suffered extreme emotional distress. Plaintiff brings this action under the California Fair Employment and Housing Act ("FEHA"), California common law, and the California Unfair Competition Law, Business & Professions Act § 17200.

UPS denies that it engaged in any unlawful conduct with respect to Plaintiff's employment or that he suffered any damages as a result of any alleged conduct. UPS followed the law with respect to each of its interactions with Plaintiff, provided Plaintiff with reasonable

---

[1] On April 22, 2008, the parties stipulated to dismiss individual defendants Tony Agenjo and Kimberly Muniz from this action. The Court signed the order approving the stipulation on April 23, 2008.

accommodations, and made all of its decisions regarding Plaintiff for legitimate, non-discriminatory, and non-retaliatory business reasons.

## III. LEGAL ISSUES

Because this case is at an early phase, and because UPS has not completed discovery, it does not know all legal issues that may be in dispute. However, it appears there will be disputed legal issues regarding the following topics:

1. Whether Plaintiff's claims are barred by the applicable statute of limitations;

2. Whether Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies;

3. Whether UPS had a legitimate, non-discriminatory reason for terminating Plaintiff;

4. Whether Plaintiff suffered from a disability;

5. Whether Plaintiff was qualified to perform all of the essential duties of a package car driver, with or without reasonable accommodation;

6. Whether Plaintiff requested reasonable accommodation for his purported disability;

7. Whether UPS granted Plaintiff reasonable accommodation;

8. Whether accommodating Plaintiff would constitute an undue hardship upon UPS;

9. Whether Plaintiff engaged in a protected activity that could be the basis for a retaliation claim;

10. Whether UPS took an adverse employment action against Plaintiff because he engaged in protected activity;

11. Whether UPS had a legitimate, non-retaliatory reason for terminating Plaintiff's employment;

12. Whether UPS violated the CBA when it terminated Plaintiff;

13. Whether Plaintiff exhausted internal grievance procedures;

14. Whether Plaintiff suffered any damages as the result of any alleged wrongful conduct by UPS;

15. Whether Plaintiff suffered any emotional distress as a result of UPS' alleged conduct and, if so, the nature and extent of any such emotional distress;

16. Whether UPS engaged in any behavior that was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society;

17. Whether Plaintiff satisfied his duty to mitigate any alleged damages;

18. Whether UPS had any unfair company policy that harmed Plaintiff;

19. Whether any managing agent of UPS was guilty of malice, fraud, and/or oppression as defined under Civ. Code Section 3294;

20. Whether Plaintiff is entitled to any punitive damages.

## IV.   MOTIONS

UPS may move for judgment on the pleadings. At the appropriate time, UPS anticipates moving for summary judgment on all of Plaintiff's claims. Defendant will file discovery motions as necessary. If appropriate, UPS will move to bifurcate the liability and punitive damages phases of the trial.

## V.   AMENDMENT OF THE PLEADINGS

UPS anticipates that Plaintiff will file a Second Amended Complaint. UPS reserves the right to answer any further amended complaint and to seek leave to amend its answer to comport to facts and theories as discovered during the course of this litigation.

## VI.   EVIDENCE PRESERVATION

UPS has notified relevant personnel of the need to preserve evidence relevant to the issues reasonably evident in this action, including all relevant documents, records, and electronic information in their possession.

## VII.   INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(C), the parties stipulated to exchange initial disclosures on or before August 12, 2008.

## VIII. DISCOVERY

Because discovery already had commenced in state court before this suit was removed to federal court, the parties stipulated to complete the requested discovery before initial disclosures. Thus, UPS deposed Plaintiff for one day. Plaintiff has agreed to sit for a second day of deposition on a date mutually agreeable to the parties. Plaintiff also has responded to UPS' request for production of documents.

Additionally, UPS has served a subpoena on Pacific Maritime Association, which Plaintiff contends is his current employer. Plaintiff has indicated that he will move to quash UPS' subpoena. The parties will meet and confer regarding this discovery dispute.

Through the course of this litigation, UPS will continue to seek discovery regarding Plaintiff's claims and UPS' defenses. UPS anticipates deposing Plaintiff's doctors, any percipient witnesses, and any designated experts. If necessary, UPS will propound additional discovery requests, including interrogatories, requests for admission, document requests, and third party subpoenas.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

The parties are not aware of any related cases.

## XI. RELIEF

UPS contends that Plaintiff has not suffered any harm or damages by any conduct of its employees.

## XII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

Because this case is at an early phase and because UPS has not yet completed discovery, UPS cannot yet assess the prospects for settlement.

## XIII. MAGISTRATE JUDGE

UPS does not consent to have a magistrate judge conduct all further proceedings in this matter, including trial.

### XIV. OTHER REFERENCES

UPS does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

UPS may file a motion for judgment on the pleadings on Plaintiff's claims as appropriate. UPS also anticipates filing a summary judgment motion on all of Plaintiff's claims. Additionally, if the case proceeds to trial, UPS anticipates filing a motion to bifurcate the liability and punitive damages phases of the trial.

### XVI. EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

| | |
|---|---|
| Non-expert discovery cut-off: | January 30, 2009. |
| Last day to file dispositive motions: | March 31, 2009. |
| Exchange of names, vitae, and reports of expert witnesses: | May 29, 2009. |
| Exchange of names, vitae, and reports of rebuttal expert witnesses: | June 29, 2009. |
| Expert discovery cut off: | August 13, 2009. |
| Final pre-trial conference: | September 11, 2009. |
| Trial: | October 13, 2009. |

### XVIII. TRIAL

Plaintiff has requested a jury trial. Because of the early stage of the proceedings, UPS is unclear how long the trial may last, but anticipates that it may last seven to ten court days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 3, 2008, UPS filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In its certification, UPS stated that it had no parent companies

and that no publicly-held corporations own ten percent of more of its stock. UPS further certified that pursuant to Local Rule 3-16, other than the named parties, it had no such interest to report.

Dated: August 1, 2008

E. JEFFREY GRUBE
KERRI N. HARPER
ANNA L. CHU
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____/s/ Anna L. Chu_____
                ANNA L. CHU

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

**[PROPOSED] CASE MANAGEMENT ORDER**

The Joint Case Management Conference Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____.    By:_____
　　　　　　　　　　　　　　　　　　　　　　HON. JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court

LEGAL_US_W # 59629973.1