1  E. JEFFREY GRUBE (SB# 167324) jeffgrube@paulhastings.com
2  KERRI N. HARPER (SB# 217377) kerriharper@paulhastings.com
   ANNA L. CHU (SB# 243378) annachu@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
   Twenty-Fourth Floor
4  San Francisco, CA 94105-3441
   Telephone: (415) 856-7000
5  Facsimile: (415) 856-7100

6  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.
7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
   MARK HARRIS,                          Case No. C-08-01810 JSW
12
                    Plaintiff,
13                                        **DECLARATION OF ANNA L. CHU
          vs.                             REGARDING CASE MANAGEMENT
14                                        STATEMENT**
   UNITED PARCEL SERVICE, INC., an
15 Ohio Corporation; Tony Agenjo; Kimberly
   Muniz; and DOES ONE through ONE
16 HUNDRED, inclusive,

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    I, Anna L. Chu, declare and state as follows:

2    1.    I am an attorney licensed by the Bar of the State of California, and I am

3    admitted to practice before this Court. I am an associate with the law firm of Paul, Hastings,

4    Janofsky & Walker, counsel of record for Defendant United Parcel Service, Inc. ("UPS"), and I

5    am one of the attorneys responsible for the defense of this action. Except where otherwise noted,

6    I have personal knowledge of the facts set forth in this Declaration, and if called to testify under

7    oath, could and would testify competently thereto.

8    2.    In the initial stages of this case, Matthew Oliveri, then-associate of

9    Mehlman Terbeek LLP, interacted and conferred with us on Plaintiff's behalf regarding this case.

10   On June 26, 2008, my colleague, Kerri Harper, and I met and conferred with Mr. Oliveri pursuant

11   to Federal Rule of Civil Procedure 26(f). During the June 26th session, we agreed to submit a

12   Joint Case Management Conference Statement ("Joint CMC Statement") on August 1, 2008.

13   3.    On July 22, 2008, I received an e-mail from Mr. Oliveri informing me that

14   he no longer represented Plaintiff and someone from Mehlman Terbeek would contact us

15   regarding this case. A true and correct copy of the E-Mail from Mr. Oliveri is attached as Exhibit

16   A.

17   4.    On July 28, 2008, I sent a letter to Mehlman Terbeek inquiring about the

18   status of this case and asking with whom I should be in contact regarding the Joint CMC

19   Statement. A true and correct copy of the Letter to Mehlman Terbeek is attached as Exhibit B.

20   5.    On July 30, 2008, Marc Terbeek of Mehlman Terbeek informed me that he

21   represented Plaintiff in this matter and would coordinate with me regarding the Joint CMC

22   Statement. A true and correct copy of the Letter from Marc Terbeek is attached as Exhibit C.

23   6.    Accordingly, on July 30, 2008, I sent an e-mail to Mr. Terbeek attaching a

24   draft Joint CMC Statement. A true and correct copy of the E-Mail to Marc Terbeek is attached as

25   Exhibit D. Mr. Terbeek subsequently informed me that he would be in touch regarding the case.

26   A true and correct copy of the E-Mail from Marc Terbeek is attached as Exhibit E.

27   7.    On August 1, 2008, I contacted Mehlman Terbeek, inquiring as to the

28   status of the Joint CMC Statement. Over the course of the day, I spoke with Mr. Terbeek's

Case No. C-08-01810 JSW                                  DECLARATION OF ANNA L. CHU
                                -1-                      REGARDING CASE MANAGEMENT
                                                         STATEMENT

1  assistant, his law partner, Steve Mehlman, and his ex-wife, and was informed that Mr. Terbeek

2  was out of the State and unable to complete Plaintiff's portion of the Joint CMC Statement.  I

3  attempted to coordinate with each individual the preparation of the Joint CMC Statement, but was

4  unable to do so.  Mr. Mehlman informed me that Mr. Terbeek would file an amended Joint CMC

5  Statement at a later date if I were to file a Joint CMC Statement without Plaintiff's full response.

6  I informed Mr. Mehlman that I did not feel comfortable submitting an incomplete Joint CMC

7  Statement, but felt compelled to meet the Court's deadline.  I further informed Mr. Mehlman that

8  UPS would submit a separate CMC statement and this declaration.

9        I declare under penalty of perjury under the laws of the State of California and the

10  United States of America that the foregoing is true and correct.

11        Executed on August 1, 2008, in San Francisco, California.

12

13                                              /s/ Anna L. Chu
                                                ANNA L. CHU
14
LEGAL_US_W # 59627143.1
15

16

17

18

19

20

21

22

23

24

25

26

27

28

C-08-01810 JSW                                    DECLARATION OF ANNA L. CHU
                            -2-                   REGARDING CASE MANAGEMENT
                                                         STATEMENT

# EXHIBIT A

## Chu, Anna L.

**From:** Matthew Oliveri [matt@oliverilaw.com]
**Sent:** Tuesday, July 22, 2008 6:11 PM
**To:** Harper, Kerri N.; Chu, Anna L.
**Subject:** Harris v. UPS; no further association with Mehlman-Terbeek

Hi Kerri and Anna:

I wanted to let you know that I am no longer associated with Mehlman-Terbeek.
I advised them to contact you regarding the unresolved issues pertaining to the subpoena. I also advised the client that I am no longer associated with Mehlman-Terbeek.

Good luck and I'm sure we'll see each other again!

Best regards,
Matthew M. Oliveri, Esq.
Oliveri Law Offices
Phone: (925) 303-3705; Fax: (925) 406-0773

The information contained in this email message is confidential and may also contain privileged attorney-client information or work product. The information is intended only for use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the email message in error, please immediately notify the sender by reply email and destroy all copies of the original message. Thank you.

To comply with U.S. Treasury regulations, we advise you that any discussion of Federal tax issues in this communication was not intended or written to be used, and cannot be used, by any person (i) for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service, or (ii) to promote, market or recommend to another party any matter addressed herein.

This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# EXHIBIT B

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2478
RECIPIENT ADDRESS     337*19259351789
DESTINATION ID
ST. TIME              07/28 17:22
TIME USE              00'52
PAGES SENT            3
RESULT                OK
```

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
telephone 415-856-7000 • facsimile 415-856-7100 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Marc L. Terbeek | Mehlman-Terbeek LLP | (925) 935-1789 | (925) 935-3575 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Anna L. Chu | (415) 856-7100 | (415) 856-7236 | ALC4 |

| client name: | Harris v. UPS | client matter number: | 26643.00452 |
|---|---|---|---|
| date: | July 28, 2008 | pages (with cover): | 3 |

comments:

# Paul*Hastings*

Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
telephone 415-856-7000 • facsimile 415-856-7100 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

415 856 7236
annachu@paulhastings.com

July 28, 2008                                                          26643.00452

**VIA OVERNIGHT MAIL AND FACSIMILE**

Mehlman Terbeek LLP
2125 Oak Grove Road
Suite 125
Walnut Creek, CA 94598

Re:    *Harris v. United Parcel Service, Inc.*

Dear Counsel:

On July 22, 2008, we received an e-mail from Matthew Oliveri informing us that he no longer works at your law firm or represents Plaintiff, and that someone from your office would be in touch with us regarding the above-referenced lawsuit. We have not heard from anyone and are reaching out regarding several matters which need immediate attention:

- The first case management conference is scheduled for August 8, 2008. Judge White has ordered the parties to file a joint case management conference statement by August 1, 2008. On June 26, 2008, we held the Rule 26(f) conference of counsel with Mr. Oliveri. During the Rule 26(f) conference, Mr. Oliveri agreed in large part on what would be contained in the joint statement, and we agreed to provide him with a draft of the statement. We need to know to whom in your office we should send our proposed draft of the statement by July 30, 2008.

- Mr. Oliveri indicated that Plaintiff intends to file a Second Amended Complaint ("SAC"). We are amendable to Plaintiff filing the draft that Mr. Oliveri sent to us via e-mail on June 26, 2008. Please send us a proposed stipulation regarding filing the SAC so that we can move forward and settle the pleadings as soon as possible.

- Mr. Oliveri indicated to us that Plaintiff intends to move to quash the subpoena that UPS served on Pacific Maritime Association. We agreed not to review any documents received from PMA until the parties resolved this issue. Unless we hear from you to the contrary, we will consider this issue resolved as of July 30, 2008.

Paul *Hastings*

Marc L. Terbeek
July 28, 2008
Page 2

Thank you for your prompt attention to these matters.

Sincerely,

Anna L. Chu
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

ALC:ALC

LEGAL_US_W # 59586545.1

# EXHIBIT C

MEHLMAN ❖ TERBEEK LLP
Attorneys & Counselors-At-Law
2647 International Blvd. Suite 220
Oakland, California 94601
Tel: (510) 689-0140
Fax: (510) 689-0143
*general e-mail*: info@mehlman-terbeek.com
*writer's direct e-mail*: marc@mehlman-terbeek.com

Steven J. Mehlman, Esq.                                                 Marc L. TerBeek, Esq.
Cynthia A. Hannon, Esq.                                                 Jeffery D. Kirk, Esq.
John E. TerBeek, Esq.                                                   Leonardo Flores, JD

                              July 30, 2008

**VIA FAX [(415) 856-7000] AND US MAIL**
Anna L. Chu, Esq.
Paul*Hastings*
55 Second Street, 24th Floor
San Frnacisco, California 90067

       Re:    *Harris v UPS*

Dear Ms. Chu:

I have been apprised of your letter dated July 28, 2008, concerning case status.

I am the attorney handling the file, but am out of the State until August 5, 2008. Mr. Oliveri left our firm without notice on July 2, 2008, and it was only on July 22, 2008, that we determined that he had no intention of returning. Naturally, we are scrambling to pick up the pieces.

As for the issue of the SDT on PMS, I will contact you on my return to meet and confer on the scope of the SDT. Please do not review any documents until then as the issue is not resolved. I will not be able to discuss the matter meaningfully until I return and I respectfully request your courtesies until then.

As for the Joint CMC Statement, please transmit a proposal for my review at your earliest convenience at marc@mehlman-terbeek.com so I can attempt to have us file it with the Court.

As for the SAC, I will prepare a stipulation directly, and should have it with me when we meet next week to discuss the SDT issue.

I apologize for the confusion caused by Mr. Oliveri's sudden and unexpected departure and request your patience pending my return.

Very truly yours,
MEHLMAN ❖TERBEEK, LLP

*Dictated But Not Read To Avoid Delay*

Marc L. TerBeek

MEHLMAN ❖ TERBEEK LLP
Walnut Creek Office: 2125 Oak Grove Road, Suite 125, Walnut Creek, California 94598
Tel: (925) 935-3575; Fax: (925) 935-1780

PAGE 1/1 * RCVD AT 7/30/2008 4:34:27 PM [Pacific Daylight Time] * SVR:SFORF1/4 * DNIS:9998 * CSID: * DURATION (mm-ss):00-40

# EXHIBIT D

## Chu, Anna L.

| | |
|---|---|
| **From:** | Chu, Anna L. |
| **Sent:** | Wednesday, July 30, 2008 10:59 PM |
| **To:** | 'marc@mehlman-terbeek.com' |
| **Cc:** | Harper, Kerri N. |
| **Subject:** | UPS/Harris - Case Status |
| **Attachments:** | UPS_Harris - Jt CMC Statement(59612245_1).PDF |

Dear Mr. Terbeek,

Thank you for your letter on July 30, 2008, regarding the status of *Harris v. United Parcel Service, Inc.*

Attached for your review is the draft Joint CMC statement.  Please note that the proposed schedule differs from that which we discussed with Matthew Oliveri.  Initially, we had agreed with Mr. Oliveri not to suggest a trial date, but to make the date contingent on when the Court issues a ruling on the parties' dispositive motions.  Upon further reflection, we thought we should try to avoid any ambiguity, and thus selected a trial date in October 2009.

Please also note that we agreed with Mr. Oliveri  to extend the date to exchange initial disclosures until tomorrow, July 31, 2008.   As it appears you will not be able to meet this deadline, we will agree to a further, mutual extension until August 12, 2008.

As to the documents from Pacific Maritime Association, we will hold off on reviewing the documents.  We are available to meet and confer with you regarding the documents on either August 6th or 7th.  Alternatively, we are also available to meet on August 8th before the case management conference with Judge White scheduled for 1:30 pm.

Many thanks,
Anna

Anna L. Chu, Associate| Paul, Hastings, Janofsky & Walker LLP | 55 Second Street, Twenty-Fourth Floor, San Francisco, CA 94105 | direct: 415 856 7236 | main: 415 856 7000 | direct fax: 415 856 7100 | annachu@paulhastings.com| www.paulhastings.com

1   E. JEFFREY GRUBE (SB# 167324)
jeffgrube@paulhastings.com
2   KERRI N. HARPER (SB# 217377)
kerriharper@paulhastings.com
3   ANNA L. CHU (SB# 243378)
annachu@paulhastings.com
4   PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
5   Twenty-Fourth Floor
San Francisco, CA  94105-3441
6   Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
7
Attorneys for Defendant
8   UNITED PARCEL SERVICE, INC.

9   STEVEN J. MEHLMAN (SB# 95881)
steven@mehlman-terbeek.com
10   MARC L. TERBEEK (SB# 166098)
marc@mehlman-terbeek.com
11   MEHLMAN TERBEEK LLP
2124 Oak Grove Road, Suite 125
12   Walnut Creek, CA 94598
Telephone:  (925) 935-3575
13   Facsimile:  (925) 935-1789

14   Attorneys for Plaintiff
MARK HARRIS

15

16               UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19

| | |
|---|---|
| 20  MARK HARRIS; | CASE NO. C-08-01810 JSW |
| 21        Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| 22    vs. | |
| 23  UNITED PARCEL SERVICE, INC.; an Ohio Corporation; and DOES ONE | Date:      August 8, 2008 |
| 24  THROUGH HUNDRED, inclusive, | Time:     1:30 p.m.<br>Courtroom: 2, 17th Floor |
| 25      Defendants. | |

26

27

28

1    The parties to the above-entitled action jointly submit this Case Management

2  Statement and Proposed Order and request the Court to adopt it as its Case Management Order in

3  this case.

4  **I.    JURISDICTION AND SERVICE**

5    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28

6  U.S.C. §§ 1331, 1332, 1367, and 1441(a) and (b). No issues exist regarding personal jurisdiction

7  or venue. All parties have been served.

8  **II.    FACTS**

9    **A.    UPS' Factual Summary:**[1]

10    Mark Harris worked for Defendant United Parcel Service, Inc. ("UPS") as a

11  package car driver in Oakland, California. On November 15, 2005, UPS terminated Plaintiff's

12  employment for job abandonment after Plaintiff failed to report for work for eleven months. UPS

13  also issued discharge letters to Plaintiff in April 2006, July 2006 and April 2007 for being off

14  work in excess of the period of time permitted by the collective bargaining agreement ("CBA")

15  that governed the terms of Plaintiff's employment.

16    Harris alleges that UPS discriminated against him on the basis of his age, race, and

17  disability by discharging him. He also claims that UPS failed to accommodate his disability,

18  retaliated against him by discharging him for engaging in protected activities, breached the CBA

19  between UPS and the Teamsters Union, and engaged in unfair competition by discharging

20  Plaintiff. Plaintiff further alleges that he suffered extreme emotional distress. Plaintiff brings this

21  action under the California Fair Employment and Housing Act ("FEHA"), California common

22  law, and the California Unfair Competition Law, Business & Professions Act § 17200.

23    UPS denies that it engaged in any unlawful conduct with respect to Plaintiff's

24  employment or that he suffered any damages as a result of any alleged conduct. UPS followed

25  the law with respect to each of its interactions with Plaintiff, provided Plaintiff with reasonable

26

27  [1] On April 22, 2008, the parties stipulated to dismiss individual defendants Tony Agenjo and
   Kimberly Muniz from this action. The Court signed the order approving the stipulation on April
28  23, 2008.

1    accommodations, and made all of its decisions regarding Plaintiff for legitimate, non-

2    discriminatory, and non-retaliatory business reasons.

3          **B.**    **Plaintiff's Factual Summary:**

4          Plaintiff will insert.

5    **III.**   **LEGAL ISSUES**

6          Because this case is at an early phase, and because the parties have not completed

7    discovery, the parties do not know all legal issues that may be in dispute. However, it appears

8    there will be disputed legal issues regarding the following topics:

9          **A.**    **UPS' Issues:**

10         1.    Whether Plaintiff's claims are barred by the applicable statute of

11   limitations;

12         2.    Whether Plaintiff's claims are barred because Plaintiff failed to exhaust his

13   administrative remedies;

14         3.    Whether UPS had a legitimate, non-discriminatory reason for terminating

15   Plaintiff;

16         4.    Whether Plaintiff suffered from a disability;

17         5.    Whether Plaintiff was qualified to perform all of the essential duties of a

18   package car driver, with or without reasonable accommodation;

19         6.    Whether Plaintiff requested reasonable accommodation for his purported

20   disability;

21         7.    Whether UPS granted Plaintiff reasonable accommodation;

22         8.    Whether accommodating Plaintiff would constitute an undue hardship

23   upon UPS;

24         9.    Whether Plaintiff engaged in a protected activity that could be the basis for

25   a retaliation claim;

26         10.    Whether UPS took an adverse employment action against Plaintiff because

27   he engaged in protected activity;

28

1          11.     Whether UPS had a legitimate, non-retaliatory reason for terminating

2   Plaintiff's employment;

3          12.     Whether UPS violated the CBA when it terminated Plaintiff;

4          13.     Whether Plaintiff exhausted internal grievance procedures;

5          14.     Whether Plaintiff suffered any damages as the result of any alleged

6   wrongful conduct by UPS;

7          15.     Whether Plaintiff suffered any emotional distress as a result of UPS'

8   alleged conduct and, if so, the nature and extent of any such emotional distress;

9          16.     Whether UPS engaged in any behavior that was so extreme and outrageous

10  as to exceed all bounds of that usually tolerated in a civilized society;

11         17.     Whether Plaintiff satisfied his duty to mitigate any alleged damages;

12         18.     Whether UPS had any unfair company policy that harmed Plaintiff;

13         19.     Whether any managing agent of UPS was guilty of malice, fraud, and/or

14  oppression as defined under Civ. Code Section 3294;

15         20.     Whether Plaintiff is entitled to any punitive damages.

16     **B.**    **Plaintiff's Issues:**

17         Plaintiff will insert.

18  **IV.**   **MOTIONS**

19         UPS may move for judgment on the pleadings.  At the appropriate time, UPS

20  anticipates moving for summary judgment on all of Plaintiff's claims.  Defendant will file

21  discovery motions as necessary.  If appropriate, UPS will move to bifurcate the liability and

22  punitive damages phases of the trial.

23         Plaintiff will insert.

24  **V.**    **AMENDMENT OF THE PLEADINGS**

25         TO BE INSERTED

26         UPS reserves the right to answer any further amended complaint and to seek leave

27  to amend its answer to comport to facts and theories as discovered during the course of this

28  litigation.

1    **VI.    EVIDENCE PRESERVATION**

2           UPS has notified relevant personnel of the need to preserve evidence relevant to

3    the issues reasonably evident in this action, including all relevant documents, records, and

4    electronic information in their possession.

5           Plaintiff will insert.

6    **VII.    INITIAL DISCLOSURES**

7           Pursuant to Rule 26(a)(1)(C), the parties stipulated to exchange initial disclosures

8    on or before July 31, 2008.

9    **VIII.    DISCOVERY**

10        **A.    UPS' Response:**

11           Because discovery already had commenced in state court before this suit was

12    removed to federal court, the parties stipulated to complete the requested discovery before initial

13    disclosures. Thus, UPS deposed Plaintiff for one day. Plaintiff has agreed to sit for a second day

14    of deposition on a date mutually agreeable to the parties. Plaintiff also has responded to UPS'

15    request for production of documents.

16           Additionally, UPS has served a subpoena on Pacific Maritime Association, which

17    Plaintiff contends is his current employer. Plaintiff has indicated that he will move to quash UPS'

18    subpoena. The parties will meet and confer regarding this discovery dispute.

19           Through the course of this litigation, UPS will continue to seek discovery

20    regarding Plaintiff's claims and UPS' defenses. UPS anticipates deposing Plaintiff's doctors, any

21    percipient witnesses, and any designated experts. If necessary, UPS will propound additional

22    discovery requests, including interrogatories, requests for admission, document requests, and

23    third party subpoenas.

24        **B.    Plaintiff's Response:**

25           Plaintiff will insert.

26    **IX.    CLASS ACTIONS**

27           This case is not a class action.

28

1   X.   **RELATED CASES**

2        The parties are not aware of any related cases.

3   XI.   **RELIEF**

4        A.   **UPS' Response:**

5        UPS contends that Plaintiff has not suffered any harm or damages by any conduct

6   of its employees.

7        B.   **Plaintiff's Response:**

8        Plaintiff will insert.

9   XII.   **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

10        Because this case is at an early phase and because the parties have not yet

11   completed discovery, the parties do not know the prospects for settlement.

12   XIII.   **MAGISTRATE JUDGE**

13        The parties do not consent to have a magistrate judge conduct all further

14   proceedings in this matter, including trial.

15   XIV.   **OTHER REFERENCES**

16        The parties do not believe that this case is suitable for reference to binding

17   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

18   XV.   **NARROWING OF ISSUES**

19        A.   **UPS' Response:**

20        UPS may file a motion for judgment on the pleadings on Plaintiff's claims as

21   appropriate.  UPS also anticipates filing a summary judgment motion on all of Plaintiff's claims.

22   Additionally, if the case proceeds to trial, UPS anticipates filing a motion to bifurcate the liability

23   and punitive damages phases of the trial.

24        B.   **Plaintiff's Response:**

25        Plaintiff will insert.

26   XVI.   **EXPEDITED SCHEDULE**

27        The parties do not believe this case can be handled on an expedited basis with

28   streamlined procedures.

XVII. <u>SCHEDULING</u>

    A.    **UPS' proposed schedule:**

| | |
|---|---|
| Non-expert discovery cut-off: | January 30, 2009. |
| Last day to file dispositive motions: | March 31, 2009. |
| Exchange of names, vitae, and reports of expert witnesses: | May 29, 2009. |
| Exchange of names, vitae, and reports of rebuttal expert witnesses: | June 29, 2009. |
| Expert discovery cut off: | August 13, 2009. |
| Final pre-trial conference: | September 11, 2009. |
| Trial: | October 13, 2009. |

    B.    **Plaintiff's proposed schedule:**

        Plaintiff will insert.

XVIII. <u>TRIAL</u>

        Plaintiff has requested a jury trial.  Because of the early stage of the proceedings, the parties are uncertain how long the trial may last, but anticipate that it may last seven to ten court days.

XIX.    <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>

    A.    **UPS' Response:**

        On April 3, 2008, UPS filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In its certification, UPS stated that it had no parent companies and that no publicly-held corporations own ten percent of more of its stock.  UPS further certified that pursuant to Local Rule 3-16, other than the named parties, it had no such interest to report.

    B.    **Plaintiff's Response:**

        Plaintiff will insert.

1    Dated:  July ___, 2008           E. JEFFREY GRUBE
                                      KERRI N. HARPER
2                                     ANNA L. CHU
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
3

4
                                      By:_____
5                                              KERRI N. HARPER

6                                     Attorneys for Defendant
                                      UNITED PARCEL SERVICE, INC.
7
     Dated:  July ___, 2008           STEVEN J. MEHLMAN
8                                     MARC L. TERBEEK
                                      MEHLMAN TERBEEK LLP
9

10
                                      By:_____
11                                             MARC L. TERBEEK

12                                    Attorneys for Plaintiff
                                      MARK HARRIS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] CASE MANAGEMENT ORDER**

2          The Joint Case Management Conference Statement and Proposed Order is hereby

3  adopted by the Court as the Case Management Order for the case and the parties are ordered to

4  comply with this Order.

5

6

7  DATED: _____.     By:_____
                                              HON. JEFFREY S. WHITE
8                                             Judge, United States District Court

9

10

LEGAL_US_W # 59276124.5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

## Chu, Anna L.

**From:**    MARC@MEHLMAN-TERBEEK.COM
**Sent:**    Wednesday, July 30, 2008 11:16 PM
**To:**      Chu, Anna L.
**Subject:** Re: UPS/Harris - Case Status

I appreciate your working with me to resolve these issues and I look foward to working with you on this case

Very truly yours

Marc L. TerBeek

Sent from my Verizon Wireless BlackBerry

---

**From:** "Chu, Anna L." <annachu@Paulhastings.com>
**Date:** Wed, 30 Jul 2008 22:59:29 -0700
**To:** <marc@mehlman-terbeek.com>
**CC:** Harper, Kerri N.<kerriharper@paulhastings.com>
**Subject:** UPS/Harris - Case Status

Dear Mr. Terbeek,

Thank you for your letter on July 30, 2008, regarding the status of *Harris v. United Parcel Service, Inc.*

Attached for your review is the draft Joint CMC statement.  Please note that the proposed schedule differs from that which we discussed with Matthew Oliveri.  Initially, we had agreed with Mr. Oliveri not to suggest a trial date, but to make the date contingent on when the Court issues a ruling on the parties' dispositive motions.  Upon further reflection, we thought we should try to avoid any ambiguity, and thus selected a trial date in October 2009.

Please also note that we agreed with Mr. Oliveri to extend the date to exchange initial disclosures until tomorrow, July 31, 2008.  As it appears you will not be able to meet this deadline, we will agree to a further, mutual extension until August 12, 2008.

As to the documents from Pacific Maritime Association, we will hold off on reviewing the documents.  We are available to meet and confer with you regarding the documents on either August 6th or 7th.  Alternatively, we are also available to meet on August 8th before the case management conference with Judge White scheduled for 1:30 pm.

Many thanks,
Anna

---

Anna L. Chu, Associate| Paul, Hastings, Janofsky & Walker LLP | 55 Second Street, Twenty-Fourth Floor, San Francisco, CA 94105 | direct: 415 856 7236 | main: 415 856 7000 | direct fax: 415 856 7100 | annachu@paulhastings.com| www.paulhastings.com

****************************