1  E. JEFFREY GRUBE (SB# 167324)
   jeffgrube@paulhastings.com
2  KERRI N. HARPER (SB# 217377)
   kerriharper@paulhastings.com
3  ANNA L. CHU (SB# 243378)
   annachu@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
5  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
6  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
7
   Attorneys for Defendant
8  UNITED PARCEL SERVICE, INC.

9  STEVEN J. MEHLMAN (SB# 95881)
   steven@mehlman-terbeek.com
10 MARC L. TERBEEK (SB# 166098)
   marc@mehlman-terbeek.com
11 MEHLMAN TERBEEK LLP
   2124 Oak Grove Road, Suite 125
12 Walnut Creek, CA 94598
   Telephone:  (925) 935-3575
13 Facsimile:  (925) 935-1789

14 Attorneys for Plaintiff
   MARK HARRIS

15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19

20 MARK HARRIS;                    CASE NO. C-08-01810 JSW

21          Plaintiff,            **JOINT CASE MANAGEMENT
                                  STATEMENT AND [PROPOSED] ORDER**
22      vs.

23 UNITED PARCEL SERVICE, INC.; an    Date:      August 8, 2008
   Ohio Corporation; and DOES ONE     Time:      1:30 p.m.
24 THROUGH HUNDRED, inclusive,        Courtroom: 2, 17th Floor

25          Defendants.

26

27

28

---

CASE NO. C-08-01810 JSW            1          JOINT CMC STATEMENT AND
                                                 [PROPOSED] ORDER

LEGAL_US_W # 59276124.8

1    At the Court's request, the parties to the above-entitled action jointly submit this

2  Case Management Statement and Proposed Order and request the Court to adopt it as its Case

3  Management Order in this case.[1]

4  **I.    JURISDICTION AND SERVICE**

5    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28

6  U.S.C. §§ 1331, 1332, 1367, and 1441(a) and (b).  No issues exist regarding personal jurisdiction

7  or venue.  All parties have been served.

8  **II.    FACTS**

9    **A.    UPS' Factual Summary:[2]**

10    Mark Harris worked for Defendant United Parcel Service, Inc. ("UPS") as a

11  package car driver in Oakland, California.  On November 15, 2005, UPS terminated Plaintiff's

12  employment for job abandonment after Plaintiff failed to report for work for eleven months.  UPS

13  also issued discharge letters to Plaintiff in April 2006, July 2006 and April 2007 for being off

14  work in excess of the period of time permitted by the collective bargaining agreement ("CBA")

15  that governed the terms of Plaintiff's employment.

16    Harris alleges that UPS discriminated against him on the basis of his age, race, and

17  disability by discharging him.  He also claims that UPS failed to accommodate his disability,

18  retaliated against him by discharging him for engaging in protected activities, breached the CBA

19  between UPS and the Teamsters Union, and engaged in unfair competition by discharging

20  Plaintiff.  Plaintiff further alleges that he suffered extreme emotional distress.  Plaintiff brings this

21  action under the California Fair Employment and Housing Act ("FEHA"), California common

22  law, and the California Unfair Competition Law, Business & Professions Act § 17200.

23    UPS denies that it engaged in any unlawful conduct with respect to Plaintiff's

24  employment or that he suffered any damages as a result of any alleged conduct.  UPS followed

25  [1] For the Court's information, none of the information written on behalf of UPS or to which the
26  parties are in agreement are different than what UPS set forth in the Case Management
Conference Statement it filed on August 1, 2008.

27  [2] On April 22, 2008, the parties stipulated to dismiss individual defendants Tony Agenjo and
28  Kimberly Muniz from this action.  The Court signed the order approving the stipulation on April
23, 2008.

1  the law with respect to each of its interactions with Plaintiff, provided Plaintiff with reasonable

2  accommodations, and made all of its decisions regarding Plaintiff for legitimate, non-

3  discriminatory, and non-retaliatory business reasons.

4       **B.    Plaintiff's Factual Summary:**

5       Plaintiff, a longtime employee of UPS, suffered an industrial injury on March

6  10, 2004, and has been thereafter disabled from his former occupation as Driver.  Plaintiff timely

7  reported his industrial injury, and has sought and obtained treatment for that injury through the

8  California Worker's Compensation System.  During his period of disability, Plaintiff was given

9  notice by UPS of its intent to terminate his employment, the first such notice of which was given

10  in November, 2005.  UPS failed and/or refused to accommodate Plaintiff's disability in that it

11  failed or refused to offer him available alternative employment prior to issuance of its notice of

12  termination.

13       Plaintiff timely commenced a grievance proceeding as required under the

14  applicable CBA and in April 2006, was reinstated to employment after a hearing on the matter

15  was had. Plaintiff reported for work, but was refused any employment and the following day UPS

16  issued its second notice of termination of employment.  Plaintiff again pursued his remedies

17  under the applicable CBA, and on the day prior to his second hearing, in July, 2006, was given

18  notice that his employment had been terminated.  Plaintiff was again reinstated.  UPS then issued

19  a third notice of termination following a third hearing in the matter in which the matter was left

20  unresolved due to a deadlock.

21       Plaintiff alleges that UPS discriminated against him on the basis of his age and/or

22  race and/or disability and/or for engaging in protected activities, all in violation of the applicable

23  CBA, the California FEHA, the ADA, the FMLA, California common law and California's

24  Unfair Competition law, Bus. & Prof. Code Section 17200.

25  **III.    LEGAL ISSUES**

26       Because this case is at an early phase, and because the parties have not completed

27  discovery, the parties do not know all legal issues that may be in dispute.  However, it appears

28  there will be disputed legal issues regarding the following topics:

1.     Whether Plaintiff's claims are barred by the applicable statute of limitations;

2.     Whether Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies;

3.     Whether UPS had a legitimate, non-discriminatory reason for terminating Plaintiff;

4.     Whether Plaintiff suffered from a disability;

5.     Whether Plaintiff was qualified to perform all of the essential duties of a package car driver, with or without reasonable accommodation;

6.     Whether Plaintiff requested reasonable accommodation for his purported disability;

7.     Whether UPS granted Plaintiff reasonable accommodation;

8.     Whether accommodating Plaintiff would constitute an undue hardship upon UPS;

9.     Whether Plaintiff engaged in a protected activity that could be the basis for a retaliation claim;

10.     Whether UPS took an adverse employment action against Plaintiff because he engaged in protected activity;

11.     Whether UPS had a legitimate, non-retaliatory reason for terminating Plaintiff's employment;

12.     Whether UPS violated the CBA when it terminated Plaintiff;

13.     Whether Plaintiff exhausted internal grievance procedures;

14.     Whether Plaintiff suffered any damages as the result of any alleged wrongful conduct by UPS;

15.     Whether Plaintiff suffered any emotional distress as a result of UPS' alleged conduct and, if so, the nature and extent of any such emotional distress;

16.     Whether UPS engaged in any behavior that was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society;

1        17.     Whether Plaintiff satisfied his duty to mitigate any alleged damages;

2        18.     Whether UPS had any unfair company policy that harmed Plaintiff;

3        19.     Whether any managing agent of UPS was guilty of malice, fraud, and/or

4  oppression as defined under Civ. Code Section 3294;

5        20.     Whether Plaintiff is entitled to any punitive damages.

## IV.   MOTIONS

UPS may move for judgment on the pleadings. At the appropriate time, UPS anticipates moving for summary judgment on all of Plaintiff's claims. Defendant will file discovery motions as necessary. If appropriate, UPS will move to bifurcate the liability and punitive damages phases of the trial.

Plaintiff may either move for protective orders regarding his employment records with PMS and other non-UPS entities or may seek to quash subpoenas that seek such records.

## V.   AMENDMENT OF THE PLEADINGS

Plaintiff intends to amend his complaint pursuant to stipulation with Defendant.

UPS reserves the right to answer any further amended complaint and to seek leave to amend its answer to comport to facts and theories as discovered during the course of this litigation.

## VI.   EVIDENCE PRESERVATION

UPS has notified relevant personnel of the need to preserve evidence relevant to the issues reasonably evident in this action, including all relevant documents, records, and electronic information in their possession.

Plaintiff has made reasonable efforts to preserve relevant evidence in his possession, custody and control.

## VII.   INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(C), the parties stipulated to exchange initial disclosures on or before August 8, 2008.

VIII.  **DISCOVERY**

     A.  **UPS' Response:**

        Because discovery already had commenced in state court before this suit was removed to federal court, the parties stipulated to complete the requested discovery before initial disclosures. Thus, UPS deposed Plaintiff for one day. Plaintiff has agreed to sit for a second day of deposition on a date mutually agreeable to the parties. Plaintiff also has responded to UPS' request for production of documents.

        Additionally, UPS has served a subpoena on Pacific Maritime Association, which Plaintiff contends is his current employer. Plaintiff has indicated that he will move to quash UPS' subpoena. The parties will meet and confer regarding this discovery dispute.

        Through the course of this litigation, UPS will continue to seek discovery regarding Plaintiff's claims and UPS' defenses. UPS anticipates deposing Plaintiff's doctors, any percipient witnesses, and any designated experts. If necessary, UPS will propound additional discovery requests, including interrogatories, requests for admission, document requests, and third party subpoenas.

     B.  **Plaintiff's Response:**

        Written Discovery: Plaintiff intends to seek written discovery of Defendants' policies and procedures concerning its treatment of injured workers (including those who assert claims for compensation for industrial injuries), the methods and manner in which it seeks to accommodate those workers, its disciplinary policies procedures and its procedures concerning how it terminates persons for "job abandonment." Plaintiff further intends to seek written discovery concerning prior litigation against UPS for claims substantially similar to those asserted by Plaintiff herein, including any court rulings/judgment or consent decrees arising from such litigation.

        Deposition Discovery: Plaintiff intends to seek the deposition of the authors of the letters giving notice of his termination, and of the persons most knowledgeable concerning Defendants' policies and procedures concerning its treatment of injured workers (including those who assert claims for compensation for industrial injuries), the methods and manner in which it

1  seeks to accommodate those workers, its disciplinary policies procedures and its procedures

2  concerning how it terminates persons for "job abandonment."

3  **IX.    CLASS ACTIONS**

4  This case is not a class action.

5  **X.    RELATED CASES**

6  The parties are not aware of any related cases.

7  **XI.    RELIEF**

8  **A.    UPS' Response:**

9  UPS contends that Plaintiff has not suffered any harm or damages by any conduct

10  of its employees.

11  **B.    Plaintiff's Response:**

12  Plaintiff contends that he has suffered economic damages consisting of lost wages

13  and benefits exceeding $1 million over his anticipated working life, assuming retirement from

14  UPS with full benefits at age 67. In addition, Plaintiff contends that he has suffered non-

15  economic damages consisting of emotional distress in an amount exceeding his economic

16  damages.

17  Plaintiff will also seek exemplary damages according to proof at trial of this

18  matter.

19  **XII.    SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

20  Because this case is at an early phase and because the parties have not yet

21  completed discovery, the parties do not know the prospects for settlement.

22  **XIII.    MAGISTRATE JUDGE**

23  The parties do not consent to have a magistrate judge conduct all further

24  proceedings in this matter, including trial.

25  **XIV.    OTHER REFERENCES**

26  The parties do not believe that this case is suitable for reference to binding

27  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

28

---

1  **XV.    NARROWING OF ISSUES**

2          UPS may file a motion for judgment on the pleadings on Plaintiff's claims as

3  appropriate.  UPS also anticipates filing a summary judgment motion on all of Plaintiff's claims.

4  Additionally, if the case proceeds to trial, UPS anticipates filing a motion to bifurcate the liability

5  and punitive damages phases of the trial.

6  **XVI.    EXPEDITED SCHEDULE**

7          The parties do not believe this case can be handled on an expedited basis with

8  streamlined procedures.

9  **XVII.  SCHEDULING**

| 10 | Non-expert discovery cut-off: | January 30, 2009. |
| 11 | Last day to file dispositive motions: | March 31, 2009. |
| 12, 13 | Exchange of names, vitae, and reports of expert witnesses: | May 29, 2009. |
| 14, 15 | Exchange of names, vitae, and reports of rebuttal expert witnesses: | June 29, 2009. |
| 16 | Expert discovery cut off: | August 13, 2009. |
| 17 | Final pre-trial conference: | September 11, 2009. |
| 18 | Trial: | October 13, 2009. |

19  **XVIII. TRIAL**

20          Plaintiff has requested a jury trial.  Because of the early stage of the proceedings,

21  the parties are uncertain how long the trial may last, but anticipate that it may last seven to ten

22  court days.

23  **XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

24          **A.    UPS' Response:**

25          On April 3, 2008, UPS filed the "Certification of Interested Entities or Persons"

26  required by Civil Local Rule 3-16.  In its certification, UPS stated that it had no parent companies

27  and that no publicly-held corporations own ten percent of more of its stock.  UPS further certified

28  that pursuant to Local Rule 3-16, other than the named parties, it had no such interest to report.

---

**B.     Plaintiff's Response:**

Other than Plaintiff, and those persons that may be identified by Defendant,

Plaintiff is not aware of any interest parties as defined by Local Rule 3-16.

Dated:  August 5, 2008                    E. JEFFREY GRUBE
                                          KERRI N. HARPER
                                          ANNA L. CHU
                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                          By:_____/s/ Kerri N. Harper_____
                                                      KERRI N. HARPER

                                          Attorneys for Defendant
                                          UNITED PARCEL SERVICE, INC.

Dated:  August 5, 2008                    STEVEN J. MEHLMAN
                                          MARC L. TERBEEK
                                          MEHLMAN TERBEEK LLP


                                          By:_____/s/ Marc L. TerBeek_____
                                                      MARC L. TERBEEK

                                          Attorneys for Plaintiff
                                          MARK HARRIS

1

## [PROPOSED] CASE MANAGEMENT ORDER

2          The Joint Case Management Conference Statement and Proposed Order is hereby

3   adopted by the Court as the Case Management Order for the case and the parties are ordered to

4   comply with this Order.

5

6

7   DATED: _____.          By:_____
                                                   HON. JEFFREY S. WHITE
8                                                  Judge, United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C-08-01810 JSW                    10              JOINT CMC STATEMENT AND
                                                              [PROPOSED] ORDER

LEGAL_US_W # 59276124.8