```
 1  E. JEFFREY GRUBE (SB# 167324) jeffgrube@paulhastings.com
    KERRI N. HARPER (SB# 217377) kerriharper@paulhastings.com
 2  ANNA L. CHU (SB# 243378) annachu@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
 3  55 Second Street, 24th Floor
    San Francisco, CA 94105-3441
 4  Telephone (415) 856-7000
    Facsimile (415) 856-7100
 5
    Attorneys for Defendant
 6  UNITED PARCEL SERVICE, INC.

 7  STEVEN J. MEHLMAN, ESQ. (SB# 95881) steven@mehlman-terbeek.com
    MARC L. TERBEEK, ESQ. (SB# 166098) marc@mehlman-terbeek.com
 8  MEHLMAN TERBEEK LLP
    2125 Oak Grove Road, Suite 125
 9  Walnut Creek, CA
    Telephone: (925) 935-3575
10  Fax: (925) 935-1789

11  Attorneys for Plaintiff
    MARK HARRIS
12
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio and Georgia Corporation; and DOES ONE THROUGH ONE HUNDRED, inclusive,<br><br>    Defendants. | CASE NO. C-08-01810-JSW<br><br>**STIPULATION AND [PROPOSED] ORDER TO FILE SECOND AMENDED COMPLAINT** |

Case No. C-08-01810-JSW     -1-     STIPULATION AND [PROPOSED] ORDER TO FILE SECOND AMENDED COMPLAINT

**STIPULATION AND [PROPOSED] ORDER**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Mark Harris and Defendant United Parcel Service, Inc. ("UPS"), acting through their respective counsel of record, stipulate as follows:

1. Plaintiff seeks leave to file the Second Amended Complaint, attached hereto as Exhibit A;

2. Although it denies that Plaintiff's Complaint has merit and contends that Plaintiff has not suffered any damages, UPS does not oppose Plaintiff's request for leave to file the attached Second Amended Complaint;

3. Plaintiff shall file the attached Second Amended Complaint within 10 days of the date the Court enters this Order;

4. UPS will have the time allowed under Federal Rule of Civil Procedure 15(a)(3) to file an answer or otherwise respond to the attached Second Amended Complaint; and

5. Plaintiff has agreed to submit to an additional day of deposition after the filing of the Second Amended Complaint.

IT IS SO STIPULATED:

DATED: August 26, 2008           /s/ Kerri N. Harper
                                 Kerri N. Harper
                                 Paul, Hastings, Janofsky & Walker, LLP
                                 Attorney for Defendant United Parcel Service

DATED: August 26, 2008           /s/ Marc Terbeek
                                 Marc Terbeek
                                 Mehlman Terbeek LLP
                                 Attorney for Plaintiff Mark Harris

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: _____, 2008
                                 _____
                                 HONORABLE JEFFREY S. WHITE

# EXHIBIT A

STEVEN J. MEHLMAN, ESQ. (SBN 95881)
MARC L. TERBEEK, ESQ. (SBN 166098)
MEHLMAN TERBEEK LLP
2125 Oak Grove Road, Suite 125
Walnut Creek, CA
Phone: (925) 935-3575
Fax: (925) 935-1789
info@mehlman-terbeek.com

Attorneys for Plaintiff,
MARK HARRIS

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK HARRIS, | Case No.: C-08-01810-JSW |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| vs. | |
| UNITED PARCEL SERVICE, INC., an Ohio and Georgia Corporation; and DOES ONE THROUGH HUNDRED, inclusive, | |
| Defendants. | |

COMES NOW THE PLAINTIFF MARK HARRIS, by and through his Attorneys of Record, MEHLMAN-TERBEEK LLP, and for his Second Amended Complaint and Demand for Jury Trial, alleges the following:

## I. INTRODUCTION AND BACKGROUND

1. **PLAINTIFF MARK HARRIS** ("PLAINTIFF") is an African American male adult over the age of 40 who resides in Alameda County, California, and resided in Alameda County during all relevant times herein.

2. PLAINTIFF believes and alleges that **DEFENDANT UNITED PARCEL SERVICE** ("UPS") is a corporation that is incorporated in Ohio, has its principal place of business in Georgia, and is licensed to transact, and is transacting, business in California.

SECOND AMENDED COMPLAINT AND JURY DEMAND - 1

3. PLAINTIFF is unaware of the true names of the DOE DEFENDANTS and therefore sues them under these fictitious names. PLAINTIFF believes and alleges that said DOE DEFENDANTS are partially or wholly liable for his damages. Once PLAINTIFF ascertains the true identities of the DOE DEFENDANTS, PLAINTIFF will amend this Second Amended Complaint accordingly.

4. PLAINTIFF believes and alleges that each DEFENDANT is an agent, employee or servant of the other DEFENDANTS, and that each DEFENDANT, in committing the acts alleged herein, committed said acts at the direction of, or in concert with, or with the express or implied authorization of, the other DEFENDANTS.

5. PLAINTIFF is a former employee of UPS.

6. PLAINTIFF began working for UPS on March 3, 1986 and continued working for UPS until UPS discharged him.

7. During PLAINTIFF'S employment at UPS, he was also subject to a Collective Bargaining Agreement ("CBA") between UPS and PLAINTIFF'S Teamsters Union.

8. At the time of his discharge, PLAINTIFF was a Driver for UPS.

9. PLAINTIFF believes and alleges that his employment at UPS would have continued indefinitely and uninterrupted if not for the alleged acts contained herein.

10. In 1997, PLAINTIFF suffered an industrial injury on the job and was temporarily out of work. His claim was processed through Worker's Compensation.

11. In 2004, PLAINTIFF became disabled due to sequellae, which was related to the 1997 injury PLAINTIFF had suffered resulting from his employment at UPS.

12. PLAINTIFF'S 2004 injuries also caused him to be temporarily unable to work. PLAINTIFF has a pending claim that is being processed through Worker's Compensation for these injuries.

13. Although PLAINTFF was disabled and injured from this 2004 injury, his doctor released him to perform modified work duties.

14. PLAINTIFF sought modified work duties from UPS, but UPS refused to accommodate PLAINTIFF'S requests for other work duties or positions.

15. The CBA allowed for PLAINTIFF to receive accommodations due to his injuries and modified work duties.
16. When PLAINTIFF requested reasonable accommodations, UPS had other positions available to PLAINTIFF for which he was qualified for, and UPS had the means to reasonably accommodate PLAINTIFF, but UPS chose not to accommodate PLAINTIFF.
17. On December 7, 2005, UPS terminated PLAINTIFF'S employment.
18. PLAINTIFF then initiated the grievance procedures pursuant to the CBA.
19. PLAINTIFF also continued to seek a reasonable accommodation for his disability by requesting other duties and positions.
20. On April 11, 2006, UPS terminated PLAINTIFF AGAIN, before the grievance procedures had been closed.
21. On July 5, 2006, UPS reversed its decision and reinstated PLAINTIFF.
22. On July 6, 2006, PLAINTIFF reported to work and punched in on the time clock, but UPS refused to allow PLAINTIFF to work and sent him home.
23. On July 6, 2006, PLAINTIFF received ANOTHER letter from UPS, dated July 5, 2006, terminating PLAINTIFF AGAIN!
24. UPS notified PLAINTIFF that it would hold another hearing regarding PLAINTIFF'S termination, scheduled for April 20, 2007.
25. However, on April 18, 2007, UPS cancelled the hearing and terminated PLAINTIFF once again.
26. Another grievance hearing was scheduled for 2007 and continued several times to October 2007.
27. Then, for reasons unknown to PLAINTIFF, the October 2007 grievance hearing was cancelled and not rescheduled.
28. PLAINTIFF filed his original Complaint in Alameda County Superior Court on October 31, 2007, within 6 months of the last scheduled grievance hearing.
29. PLAINTIFF had also filed a Complaint with the Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC").
30. PLAINTIFF received his "Right to Sue" Letters from both the DFEH and EEOC.

SECOND AMENDED COMPLAINT AND JURY DEMAND - 3

31. PLAINTIFF has pursued and exhausted his internal remedies at UPS and his administrative remedies under California and Federal laws.
32. PLAINTIFF tried for 3 years to resolve these issues without Court intervention, to no avail.
33. PLAINTIFF believes that all DEFENDANTS acted in bad faith and with the intent to delay, stall and mislead PLAINTIFF regarding his legal rights and remedies under the CBA, California and Federal Laws.
34. PLAINTIFF believes and alleges that he performed any and all duties and obligations under any contract, California law, Federal law, internal UPS, and union procedures that were required of him.
35. PLAINTIFF believes and alleges that his termination was a violation of the CBA, California and Federal laws.

## FIRST CAUSE OF ACTION:
## WRONGFUL TERMINATION IN VIOLATION OF FEHA

36. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.
37. California Government Code Section 12900 *et. seq.* is known as "The California Fair Employment and Housing Act" (hereafter, "FEHA").
38. FEHA makes it unlawful for any Employer or Person to discharge an Employee based on that Employee's qualification in a "protected class" of persons.
39. FEHA makes it unlawful for any Employer or Person to discharge an Employee based upon that Employee's age (if over 40) or race.
40. UPS satisfies the definitions of "Person" and "Employer" under FEHA.
41. PLAINTIFF satisfies the definition of "Employee" under FEHA.
42. PLAINTIF is an "African American" over the age of 40, with a long and successful employment record at UPS.
43. At the time of his termination, PLAINTIFF was a member of the specifically enumerated classes of age (over 40) and race that FEHA was enacted to protect.
44. UPS knew, or should have known, that PLAINTIFF was a member of these protected racial, disabled and age classes that FEHA was enacted to protect.

SECOND AMENDED COMPLAINT AND JURY DEMAND - 4

45. PLAINTIFF believes and alleges that UPS wrongfully terminated PLAINTIFF based upon his membership in FEHA'S protected classes.

46. PLAINTIFF suffered an adverse employment action due to UPS' conduct as alleged herein, including its four-five terminations of PLAINTIFF over the course of three years resulting from the same nucleus of operative facts!!

47. PLAINTIFF is not aware of any legitimate business purposes that UPS had when acting with the conduct alleged herein.

48. UPS' conduct is the legal and proximate causes of PLAINTIFF'S damages.

49. PLAINTIFF is entitled to recover general and punitive damages against UPS, including Attorneys' Fees and Costs.

50. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION:

## DISABIILTY DISCRIMINATION IN VIOLATION OF FEHA

51. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

52. UPS refused to reasonably accommodate PLAINTIFF for his disability, after PLAINTIFF requested reasonable accommodations.

53. UPS wrongfully terminated PLAINTIFF based upon his disability.

54. UPS' conduct against PLAINTIFF was an "adverse employment action" as alleged herein.

55. PLAINTIFF is not aware of any legitimate business purposes that UPS had when acting with the conduct alleged herein.

56. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

57. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

58. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## THIRD CAUSE OF ACTION:

## RACIAL DISCRIMINATION IN VIOLATION OF FEHA

59. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

60. UPS wrongfully terminated PLAINTIFF based upon his race.

61. UPS' conduct against PLAINTIFF was an "adverse employment action" as alleged herein.

62. PLAINTIFF is not aware of any legitimate business purposes that UPS had when acting with the conduct alleged herein.

63. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

64. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

65. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION:
## AGE DISCRMINATION IN VIOLATION OF FEHA

66. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

67. UPS wrongfully terminated PLAINTIFF based upon his age.

68. UPS' conduct against PLAINTIFF was an "adverse employment action" as alleged herein.

69. PLAINTIFF is not aware of any legitimate business purposes that UPS had when acting with the conduct alleged herein.

70. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

71. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

72. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF FEHA

73. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

74. FEHA prohibits an Employer from retaliating against an Employee when the Employee is engaged in a "protected activity."

75. An Employee has a recognized right to seek disability accommodations, and to pursue internal grievance procedures, without suffering an adverse employment action.

76. PLAINTIFF was engaged in "protected activities" when he formally sought disability accommodations and pursued internal grievance procedures.

77. PLAINTIFF was engaged in "protected activities" when he complained about UPS' refusal to accommodate his requests.

78. UPS knew, or should have known, that PLAINTIFF was engaged in protected activities.

79. UPS retaliated against PLAINTIFF when UPS acted with the conduct alleged herein for PLAINTIFF'S participation in protected activities.

80. UPS' conduct was an "adverse employment action" against PLAINTIFF.

81. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

82. UPS' conduct allows PLAINTIFF to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

83. PLAINTIFF has suffered damages in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION:
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

84. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

85. The California Constitution, Laws and public policy prohibit an Employer from wrongfully terminating an Employee in violation of these laws and public policy.

86. An Employee has a protected right to pursue administrative remedies that have been enacted and required by the Employer.

87. An Employee has a protected right to complain about his workplace conditions without fear of termination.

88. PLAINTIFF believes and alleges that he followed the appropriate UPS and/or union procedures to request reasonable accommodations for his disability.

89. PLAINTIFF began pursuing his administrative remedies through the UPS and union policies and procedures.

90. UPS then wrongfully terminated PLAINTIFF four-five times while the grievance procedures were pending.

91. UPS did not discharge PLAINTIFF until PLAINTIFF became disabled.

92. UPS did not discharge PLAINTIFF until PLAINTIFF began utilizing the grievance procedures outlined in the CBA.

93. UPS' conduct violated California laws and public policy.

94. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

95. UPS' conduct allows PLAINTIFF to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

SECOND AMENDED COMPLAINT AND JURY DEMAND - 7

96. PLAINTIFF has suffered damages in amounts to be proven at trial.

## SEVENTH CAUSE OF ACTION:

## DISABILITY DISCRIMINATION IN VIOLATION OF PUBLIC POLICY

97. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

98. The California Constitution, Laws and public policy provide PLAINTIFF with protections based on his disability.

99. California Laws prohibit an Employer from discriminating against an Employee while that Employee is disabled.

100. UPS had an obligation not to discriminate against PLAINTIFF based on his disability.

101. UPS had an obligation to reasonably accommodate PLAINTIFF due to his disability.

102. UPS knew, or should have known, that PLAINTIFF'S oral and written requests for reasonable accommodations are "protected activities" under California law.

103. UPS refused to accommodate PLAINTIFF after he requested accommodation for his disability.

104. UPS did not discharge PLAINTIFF until PLAINTIFF became disabled and sought reasonable accommodations.

105. UPS' conduct caused PLAINTIFF to suffer an adverse employment action.

106. UPS' conduct violated California law and public policy.

107. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

108. UPS' conduct allows PLAINTIFF to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

109. PLAINTIFF has suffered damages in amounts to be proven at trial.

## EIGHTH CAUSE OF ACTION:

## RACIAL DISCRIMINATION IN VIOLATION OF PUBLIC POLICY

110. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

111. The California Constitution, laws and public policy provide PLAINTIFF with protections from discrimination based on his race.

112. California Laws prohibit an Employer from discriminating against an Employee based on that Employee's race.

113. UPS had an obligation not to discriminate against PLAINTIFF based on his race.

114. UPS did not discriminate against PLAINTIFF until PLAINTIFF became disabled and began attempting to utilize the policies, benefits and agreements under the Collective Bargaining Agreement that exists between UPS and the Union.

115. UPS did not discharge PLAINTIFF until PLAINTIFF was denied reasonable accommodations and began utilizing the benefits, options and remedies available to him under the Collective Bargaining Agreement that exists between UPS and the Union.

116. PLAINTIF believes and alleges that UPS' discriminated against him based on his race.

117. UPS' conduct caused PLAINTIFF to suffer an adverse employment action.

118. UPS' conduct violated California law and public policy.

119. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.

120. UPS' conduct allows PLAINTIFF to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

121. PLAINTIFF has suffered damages in amounts to be proven at trial.

## NINTH CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF PUBLIC POLICY

122. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

123. California laws and public policy prohibit an Employer from retaliating against an Employee when the Employee is engaged in a "protected activity."

124. An Employee has a recognized right to seek disability accommodations, and to utilize his rights and procedures under the CBA, and to complain about his workplace, without suffering an adverse employment action.

125. PLAINTIFF was engaged in "protected activities" when he formally sought disability accommodations, pursued his benefits and options under the CBA, and complained about his workplace.

126. UPS knew, or should have known, that PLAINTIFF was engaged in protected activities.

127. UPS retaliated against PLAINTIFF when UPS refused to accommodate PLAINTIFF.
128. UPS retaliated against PLAINTTF when UPS terminated PLAINTIFF four-five times in 3 years for PLAINTIFF'S participation in protected activities.
129. UPS' conduct against PLAINTIFF was an "adverse employment action" against PLAINTIFF.
130. UPS' conduct is the legal and proximate cause of PLAINTIFF'S damages.
131. UPS' conduct allows PLAINTIFF to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.
132. PLAINTIFF has suffered damages in amounts to be proven at trial.

### TENTH CAUSE OF ACTION: BREACH OF CONTRACT

133. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead.
134. The CBA provided grievance procedures that PLAINTIFF was entitled to utilize.
135. UPS violated the CBA when it terminated PLAINTIFF numerous times, several of which occurred before the grievance process had been completed.
136. UPS violated the CBA when it did not properly follow the grievance procedures and other terms and conditions of the CBA.
137. UPS violated the CBA when they did not accommodate PLAINTIFF'S request for a different position.
138. UPS' conduct, including the termination of PLAINTIFF, is a breach of the CBA.
139. UPS' breach has caused PLAINTIFF foreseeable damages.
140. UPS' breach was a foreseeable cause of PLAINTIFF'S damages.
141. PLAINTIFF performed his obligations under the CBA.
142. PLAINTIFF has reasonably attempted to mitigate his damages.
143. UPS' breach is the legal and proximate cause of PLAINTIFF'S damages.
144. PLAINTIFF is entitled to recover damages against UPS.
145. PLAINTIFF has suffered damages in amounts to be proven at trial.

///
///

## ELEVENTH CAUSE OF ACTION:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

146. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

147. UPS fired PLAINTIFF, then reinstated PLAINTIFF, then fired PLAINTIFF again, then reinstated PLAINTIF again, then fired PLAINTIFF again, then re-scheduled grievance hearings again, all while PLAINTIFF was disabled and seeking reasonable accommodations for his disability.

148. UPS'S continuous "flip-flopping, lying, delaying, stalling, firing, reinstating, firing, reinstating, firing, scheduling another hearing" was outrageous conduct, with no decency, designed to inflict emotional distress on PLAINTIFF.

149. PLAINTIFF has suffered severe emotional distress that no reasonable person could endure, at the hands of UPS.

150. UPS'S conduct was intentional, or reckless, and was aimed directly at PLAINTIFF.

151. PLAINTIFF did not consent in said illegal conduct.

152. PLAINTIFF is not aware of any legitimate business purpose that UPS had when acting with the conduct that UPS used against PLAINTIFF.

153. PLAINTIFF is not aware of any privilege UPS had when using said conduct against PLAINTIFF.

154. UPS'S conduct is the legal and proximate cause of PLAINTIFF'S damages.

155. PLAINTIFF is entitled to recover general, special and punitive damages against UPS, including Attorneys' Fees and Costs.

156. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.

## TWELTH CAUSE OF ACTION:

## UNLAWFUL BUSINESS PRACTICES, AGAINST UPS

157. PLAINTIFF incorporates by reference all prior averments above as if fully re-plead herein.

158. California Business and Professions Code §§ 17000 *et. seq.* is commonly referred to as the "Unfair Practices Act" (hereafter, "UPA")

SECOND AMENDED COMPLAINT AND JURY DEMAND - 11

1  159. UPS is a "Person" as defined in the UPA.
2  160. PLAINTIFF is an "African American" male over the age of 40, who can maintain a
3      private right of action under the UPA, as stated in §17070.
4  161. UPS'S conduct when terminating PLAINTIFF'S employment is a violation of the UPA.
5  162. UPS knew, or should have known, that is conduct against PLAINTIFF was a violation of
6      the UPA.
7  163. PLAINTIFF is not aware of any legitimate business purpose that UPS had when acting
8      with the conduct that UPS used against PLAINTIFF.
9  164. UPS'S violation of the UPA is the legal and proximate cause of PLAINTIFF'S damages.
10 165. PLAINTIFF is entitled to recover general, special and punitive damages against UPS,
11      including Attorneys' Fees and Costs.
12 166. PLAINTIFF has suffered damages as stated above, in amounts to be proven at trial.
13 **WHEREFORE**, PLAINTIFF respectfully prays for the following relief:
14     A. Judgment be entered against all DEFENDANTS;
15     B. General damages, in amounts proven at trial;
16     C. Special damages, in amounts proven at trial;
17     D. Punitive damages, in amounts proven at trial;
18     E. Pre-Judgment interest at the legal rate;
19     F. Attorneys' Fees and Costs; and
20     G. Any other relief the Court deems just, legal and equitable.
21                       **DEMAND FOR JURY TRIAL**
22     PLAINTIFF hereby demands a trial by jury of all causes of action.
23
24 Dated: August 15, 2008
25                                              Marc L TerBeek, Esq.
                                                MEHLMAN-TERBEEK LLP\
26                                              ATTORNEYS FOR PLAINTIFF
27
28