IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK HARRIS,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC., et al.,

    Defendants.

No. C 08-01810 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is the Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss the tenth cause of action in Plaintiff Mark Harris's ("Plaintiff") second amended complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 5, 2008 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants UPS's motion to dismiss.

**BACKGROUND**

Plaintiff worked as a package car driver for UPS. (SAC, ¶ 8.) When he worked for UPS, Plaintiff was subject to a collective bargaining agreement between UPS and Plaintiff's Teamsters Union. (*Id.*, ¶ 7.) Plaintiff brings several claims against UPS, including one that UPS breached the collective bargaining agreement. UPS moves to dismiss this claim.

The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

**B.     UPS's Motion to Dismiss.**

UPS argues that Plaintiff's contract claim is completely preempted by § 301 of the Labor and Management Relations Act, 29 U.S.C. § 185 ("Section 301") and that Plaintiff fails to state a claim under Section 301 based on his failure to exhaust the grievance procedures in the collective bargaining agreement. Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Section 301 is a federal statute with such complete preemptive force. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968). "Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 394 (1987) (quoting

*Electrical Workers v. Hechler,* 481 U.S. 851, 859, n. 3 (1987)). Therefore, the Court will construe Plaintiff's breach of contract claim as a Section 301 claim.

To pursue a breach of contract claim pursuant to Section 301, Plaintiff must first exhaust the applicable contractual grievance procedures, *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 617 (9th Cir. 1981), unless an exception to the exhaustion requirement is applicable. *See Kaylor v. Zellerbach, Inc.*, 643 F.2d 1362, 1366 (9th Cir. 1981). An employee is not required to exhaust the grievance procedures "when the employer's conduct amounts to a repudiation of the contractual remedy, or when the union has the sole power to file a grievance and it has wrongfully refused to do so." *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 185 (1967)) (finding repudiation where the employer denied that it was bound by the collective bargaining agreement or that it had any duty towards the plaintiffs).[1] Courts "will not find repudiation simply because the employer refused to follow one or more of the substantive terms of the CBA; rather, [courts] will excuse the requirement for exhaustion based on repudiation only if the employer repudiates the specific grievance procedures provided by the CBA." *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 898-99 (9th Cir. 2002) (finding repudiation where employer stated in writing that it would not, and was not willing to, process the employee's grievance)

Plaintiff argues that he did not need to exhaust because the grievance procedure is a non-exclusive remedy, UPS's "conduct in issuing letters of termination after the results of the initial hearing, but without seeking arbitration of the adverse result, reveals that it was ignoring, and thus repudiating, the procedures for pursuing grievances" and its "conduct in having twice issued letters of termination before the results of the two follow up hearings reveals that any further proceedings beyond the deadlocked final hearing would have been futile." (Opp. at 3.) The collective bargaining agreement provides, in pertinent part:

> Any grievance or controversy affecting the mutual relations of the Employer and the Union shall first be taken up between the Local Union and the Employer. If, after thorough discussion between the parties, the matter is not

---

[1] UPS argues that Plaintiff must plead a breach of the union's duty of fair representation even if he sufficiently pleads exhaustion, as opposed to pleading a breach of the duty of fair representation as an exception to the exhaustion requirement. However, UPS has not provided authority in support of this proposition.

3

> resolved within five (5) days ...after first being taken up, it shall be reduced to writing by the grieving party, copies shall be sent to the other party, and the case shall be referred to the United Parcel Service Labor-Management Committee and put on the agenda for its next regular meeting.
> ...
> A majority decision of the Committee shall be final and binding upon the parties. Any discharge or suspension deadlocked by this Committee may be submitted to an impartial arbitrator by either the Employer or the Union. All other deadlocked cases shall be referred to a Wester Region-UPS Committee...
> ...
> In all cases, except theft, intoxication, use, sale or possession of illegal narcotics and gross insubordination, each having occurred on the job, an employee to be discharged shall be allowed to remain on the job, without loss of pay, unless and until the discharge is sustained under the grievance procedure.

(Request for Judicial Notice, Ex. A.)[2] Upon review of the contract language, the Court finds that the grievance procedure is required to be followed. Therefore, unless Plaintiff can allege facts which, if true, would demonstrate that the requirement to exhaust has been excused, the Court must dismiss his Section 301 claim.

With respect to his claim that UPS breached the collective bargaining agreement, Plaintiff alleges as follows:

> 17. On December 7, 2005, UPS terminated PLAINTIFF's employment.
> 18. PLAINTIFF then initiated the grievance procedures pursuant to the CBA.
> ...
> 20. On April 11, 2006, UPS terminated PLAINTIFF AGAIN, before the grievance procedures had been closed.
> 21. On July 5, 2006, UPS reversed its decision and reinstated PLAINTIFF.
> ...
> 23. On July 6, 2006, PLAINTIFF received ANOTHER letter from UPS, dated July 5, 2006, terminating PLAINTIFF AGAIN!
> 24. UPS notified PLAINTIFF that it would hold another hearing regarding PLAINTIFF's termination, scheduled for April 20, 2007.
> 25. However, on April 18, 2007, UPS cancelled the hearing and terminated PLAINTIFF once again.
> 26. Another grievance hearing was scheduled for 2007 and continued several times to October 2007.
> 27. Then, for reasons unknown to PLAINTIFF, the October 2007 grievance hearing was cancelled and not rescheduled.

(SAC, ¶¶ 17-27.)

Although Plaintiff argues that the results of the grievance hearings were adverse, he has not pled facts demonstrating the results of the grievance procedures in his SAC. Moreover, upon review of his allegations, the Court finds that he has not alleged facts that demonstrate

---

[2] UPS's request for judicial notice is GRANTED.

4

UPS clearly repudiated the grievance procedures. At most, Plaintiff alleges that UPS cancelled a hearing but then another hearing was rescheduled. Thus, such allegations do not support an inference that UPS was not willing to participate in or follow the grievance procedures. Nor has Plaintiff alleged facts sufficient to demonstrate that participating in the grievance procedures would be futile. Therefore, the Court grants UPS's motion to dismiss Plaintiff's tenth cause of action. However, the Court will provide Plaintiff with leave to amend. If Plaintiff chooses to file an amended Section 301 claim, he is admonished to plead facts which demonstrate exhaustion or that the exhaustion requirement should be excused.

## CONCLUSION

For the foregoing reasons, the Court GRANTS UPS's motion to dismiss Plaintiff's tenth cause of action but grants Plaintiff leave to amend. Plaintiff shall file any amended complaint within twenty days of the date of this Order. If Plaintiff does not file a third amended complaint, UPS shall file an answer within twenty days of the deadline to file the amended complaint. If Plaintiff files a third amended complaint in accordance with this Order, UPS shall either file an answer or move to dismiss within twenty days of service of the third amended complaint.

**IT IS SO ORDERED.**

Dated: December 4, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5