**United States District Court**
For the Northern District of California

1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  MARK HARRIS,

10              Plaintiff,                    No. C 08-01810 JSW

11       v.

12  UNITED PARCEL SERVICE, INC., et al.,      **NOTICE OF QUESTIONS**

13              Defendants.
                                          /

14

15

16        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

17  NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

18  MAY 8, 2009 AT 9:00 A.M.:

19        The Court has reviewed the parties' papers and, thus, does not wish to hear the parties

20  reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not

21  cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these

22  authorities reasonably in advance of the hearing and to make copies available at the hearing.  If

23  the parties submit such additional authorities, they are ORDERED to submit the citations to the

24  authorities only, with pin cites and without argument or additional briefing.  *Cf.* N.D. Civil

25  Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their

26  reliance on such authority.  The Court suggests that associates or of counsel attorneys who are

27  working on this case be permitted to address some or all of the Court's questions contained

28  herein.

**United States District Court**

For the Northern District of California

1    The parties shall each have 15 minutes to address the following questions:

2    1.    Although Plaintiff argues that his statutory claims should be tolled during the pendency
          of his grievances, pursuing a grievance may toll the statute of limitations only if the

3          grievance gave UPS timely notice of Plaintiff's claims against it. *Addison v. Cal.*, 21
          Cal. 3d 313, 319 (1978).

4          a.    Plaintiff provided a request for a grievance investigation to his union. In his
                request, Plaintiff states that he was discriminated against based on his disability.

5                Where in the record before the Court is there any evidence that this grievance
                was filed?

6          b.    If there is no evidence is in the record that this particular grievance was filed,
                where in the record is there evidence that UPS was given notice in December

7                2005 of Plaintiff's contention that he was discriminated against based on his
                disability?

8          c.    Plaintiff submits evidence that on April 4, 2006, before the one-year statute of
                limitations ran, the union filed a grievance on Plaintiff's behalf, protesting that

9                he was terminated due to absenteeism when he was actually off work due to
                disability and medical appointments. Through this grievance, Plaintiff sought to

10               be appointed to another occupation under seniority. (TerBeek Decl., Exs. 55,
                56.) On what basis does UPS argue that such grievance did not provide UPS

11               with the requisite notice to toll Plaintiff's FEHA claim for disability
                discrimination?

12   2.    Are there any positions for which Plaintiff contends that he could have performed the

13         essential functions that would not have required a loss of seniority? If so, specifically
          what positions?

14
     3.    Denise Gasti testified that Plaintiff would not have been terminated for job abandonment

15         if UPS had had information on Plaintiff's medical status. (Declaration of Mark L.
          TerBeek, Ex. 48 (Deposition of Denise Gasti) at 99:4-12.) Plaintiff submits evidence

16         that he provided to UPS a report from his doctor on November 29, 2005. Taking the
          evidence in the light most favorable to Plaintiff, UPS did not terminate him until

17         December 7 or 8, 2005, after UPS had medical information regarding Plaintiff. What is
          UPS's best argument that such evidence does not create a question of fact precluding

18         summary judgment on Plaintiff's claim that he was discriminated against based on his
          disability?

19
     4.    UPS argues that Plaintiff's reported symptoms of feeling stressed out, angry, and upset,

20         experiencing sleep apnea and vomiting sometimes does not amount to severe emotional
          suffering as a matter of law. Does UPS know of any cases in which courts have found

21         such symptoms, or comparable symptoms, did not constitute severe emotional suffering?
          Does Plaintiff know of any cases in which courts have found such symptoms, or

22         comparable symptoms were sufficient to show severe emotional suffering?

23   5.    Do the parties have anything further they wish to address?

24         **IT IS SO ORDERED.**

25

26   Dated: May 7, 2009

27                                                    JEFFREY S. WHITE
                                                     UNITED STATES DISTRICT JUDGE

28

2